MALCOLM B. STEWART, Respondent, *v.* SOCONY VACUUM OIL COMPANY, INCORPORATED, Appellant.

Third Department, May 15, 1957.

*Roland Ford* for appellant.

*William J. Quinn* for respondent.

BERGAN, J. The Special Term has dismissed the original complaint and an amended complaint; but upon the dismissal of the amended complaint leave was given to plaintiff to move to examine the defendant "to ascertain facts from which to frame his complaint".

The motion thus permitted was brought on and granted in due course; the order from which defendant appeals authorizes not only an examination of the defendant through an officer having knowledge of the facts, but permits full inspection of books and papers "pertaining to transactions between the parties hereto". The form of the order, therefore, allows an inspection so broad in scope that it would not readily be allowed even if a properly pleaded action were presented and at issue.

Neither the moving papers which give support to the order for examination and inspection of defendant nor either of the two preceding complaints read together or separately disclose any sound cause of action tendered by plaintiff against defendant.

The rule is that to entitle a party to an examination of some other party in order to frame a complaint against that other party something actionable must be shown. (*Kenerson* v. *Davis,* 278 App. Div. 482; *Beikirch* v. *Loebs,* 243 App. Div. 859; *Knight* v. *Morgenroth,* 93 App. Div. 424.)

However liberally we may view the disposition of litigated issues by facilitating the process of examining adverse parties and inspecting their records and papers, there is a fair boundary to this process which ought to be respected when the purpose of the examination is to frame a pleading against the party to be examined.

The party seeking the examination ought to disclose under oath facts which will fairly indicate he has some cause of action against the adverse party. He need not, of course, either name it correctly or state it with technical precision, but as a matter of judicial policy he ought to be required to show, within the frame of rule 122 of the Rules of Civil Practice that the examination he seeks is "material" and "necessary" to some actionable wrong.

If he does not have a describable sense of the wrong that he thinks hurts him, he ought not be allowed a judicial franchise to penetrate into another party's affairs, either by examination or inspection, to find out whether he ought to sue or ought not to sue.

If such a practice be sanctioned, mere suspicion could invoke troublesome and expensive procedures against a party without any need of showing good cause; and without remedial pro-

tection to such a party; and what is perhaps worse, the opportunity for annoyance and intrusion with the aid of judicial power would be quite unlimited. The vaguest sort of apprehension could set in motion legal machinery with heavy impact on a purported adverse party; and there would be nothing vague about the weight of the impact.

Here the plaintiff had been engaged in the sale, installation, and repair of oil heating equipment in Schenectady. He made a contract with defendant oil company by which he agreed to recommend to his customers a heating oil made by defendant. Plaintiff received a commission for this service.

The contract was terminated by mutual agreement in writing and defendant was, by such agreement, released and discharged from liability arising under the contract. The agreement of termination of contract required plaintiff to notify defendant of further sales by plaintiff of oil burner equipment and co-operate in defendant's solicitation for fuel oil of parties to whom such sales were made.

What plaintiff seems to think is actionable is the solicitation by defendant from the lists of customers submitted to defendant under the contract for the purpose of obtaining for the defendant or others oil burner repair or replacement business.

We are unable to perceive in this factual showing any actionable cause against defendant. Nothing suggests actionable unfair competition or overreaching about this. The submission of the lists was accompanied by no restriction or limitation on their use by defendant; the lists were not trade secrets; the relations between plaintiff and defendant were not confidential; nor did they rest on trust; neither party was a fiduciary. (See, e.g., *Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79; *Keviczky* v. *Lorber,* 290 N. Y. 297; *Hornstein* v. *Podwitz,* 254 N. Y. 443.)

The key to plaintiff's theory as he sets it forth in the moving papers is that the use of the lists by defendant was " unauthorized ". This word is meaningless unless it is claimed that the use was wrongful in some actionable manner. This was also the controlling word in the amended complaint which was dismissed.

Plaintiff's brief asserts unequivocally that " There are acts of the defendant which gave rise to the cause of action ", but since " the information " is solely within the knowledge of defendant, plaintiff " cannot allege " said acts. If plaintiff knows there are facts which gave rise to a cause of action he ought to show at least what he does know.

The brief then states plaintiff regards the use of the lists as a use of confidential information and that this gave rise to "a cause" of action. Nowhere is there any allegation in any affidavit that the lists were agreed to be held confidential by the parties. The contract and agreements presented contain no such provision. Certainly if what plaintiff complains of is a breach of confidence he ought to say so in plain words and the lists and books that he seeks will not themselves show more than mere details of the extent of their use, so far as they are described in the papers before us.

It is not shown that the use of the lists violated the terms of the agreement between the parties or that it was otherwise in violation of any right enforcible by law. It is clear from plaintiff's papers that what is sought on the examination and inspection is merely the extent to which the lists were used to solicit business.

To be entitled to such an examination, plaintiff must show that in the contractual relationship he discloses and the documents he presents any such use would be in some palpable form in violation of his rights. The Special Term properly dismissed the two pleadings and nothing more actionable than they disclosed is demonstrated by the papers by which the examination is sought to frame a further pleading.

The order should be modified to deny the motion for examination for the purpose of framing a complaint; but to provide that the denial is without prejudice to the service of a second amended complaint under the permission implied in the order that dismissed the first amended complaint and as so modified, affirmed.

Foster, P. J., Coon and Gibson, JJ., concur; Halpern, J., concurs in the result.

Order modified to deny the motion for examination for the purpose of framing a complaint; but to provide that the denial is without prejudice to the service of a second amended complaint under the permission implied in the order that dismissed the first amended complaint, and, as so modified, affirmed, without costs.