Jebome W. Marks, J.
No action has been commenced herein,. but the moving party brings on this application by way of notice of motion in which it designates itself as plaintiff and the defendant is named “John” G-ivens, and requests this court to direct the New York Telephone Company to furnish plaintiff with the name and address of one of its subscribers who either now has or had a nonpublished (unlisted) telephone number.
The better practice for plaintiff to have adopted was to have applied ex parte to the Judge presiding at Special Term, Part II, for an order directing New York Telephone Company to show cause why the desired information should not be disclosed to plaintiff.
However New York Telephone Company has appeared herein in response to plaintiff’s notice of motion and in order to avoid further litigation, the court will entertain plaintiff’s application as if it had been made as herein indicated. Such an application is proper and may be made pursuant to CPLR 3102 (subd. [c]).
Let this be understood that this is not an application to review any action of this public utility or any rule or regulation of the Public Service Commission. This is not a proceeding pursuant to CPLR article 78.
*340 This is an application on the part of plaintiff to compel this telephone corporation to disclose the name and address of its subscriber to a nonpublished telephone number so as to enable plaintiff to commence action.
The New York Telephone Company vigorously opposes plaintiff’s motion.
It is alleged that, between the months of November and December, 1968, a person using the facilities of a nonpublished number, to wit, 222-4078, placed orders for advertising for publication in plaintiff’s newspaper and furnished the name and address to plaintiff as “ L. Givens, 351 West 120th Street, Apt. 4, New York.”
Plaintiff asserts that mail addressed to the name “ L. Givens ” at the address above stated has been returned as “ unknown ” and in addition thereto telephone calls to the nonpublished number 222-4078, the telephone number over which it is alleged that the orders for advertising were placed, results “ simply in the party who answers hanging up immediately.”
New York Telephone Company cites as legal authorities in support of its opposition to this application, Matter of Leighton v. New York Tel. Co. (184 Misc. 827) and Freedom Finance Co. v. New York Tel. Co. (29 A D 2d 545).
Matter of Leighton v. New York Tel. Co. (supra) deals with the refusal of New York Telephone Company to furnish telephone instruments service and equipment to petitioner who, during World War II, was one of 75,000 residents within the territory served by this public utility. There, the court held that it was the Public Service Commission, the public authority, which had jurisdiction in the first instance because the Public Service Commission is charged by statute to supervise the operation of telephone corporations with respect to the adequacy of and accommodation afforded by their service and the court properly declined to assume jurisdiction and direct the telephone company to furnish to petitioner the desired service.
Freedom Finance Co. v. New York Tel. Co. (supra) is an action brought by plaintiff to enjoin the telephone corporation from discontinuing its telephone number. There the court held that plaintiff did not have a proprietary right to retain the subject telephone number.
This court does not disagree with the cited authorities; they are, however, inapplicable on this motion before the court.
New York Telephone Company contends further that it may not disclose the name and address of its nonpublished subscriber by reason of its rule or regulation filed with the Public Service Commission:
*341 u 6. Non-Published Service “ a. General
“ The telephone numbers of non-published service are not listed in either the Telephone Company’s alphabetical directory or information records available to the general public.
“ b. Regulations
‘ ‘ Incoming calls to non-published service will be completed by the Company only when the calling party places the call by number. The Company will adhere to this practice notwithstanding any claim of emergency the calling party may present. The acceptance by the Company of the subscriber’s request to refrain from publishing his telephone number in the directory does not create any relationship or obligation, direct or indirect, to any person other than the subscriber.
‘ ‘ In the absence of gross negligence or willful misconduct, no liability for damages arising from publishing the telephone ■number of non-published service in the directory or disclosing said number to any person shall attach to the Company, and where such a number is published in the directory the Company’s liability shall be limited to and satisfied by a refund of any monthly charges which the Company may have made for such non-published service.
“ The subscriber indemnifies and saves the Telephone Company harmless against any and all claims for damages caused or claimed to have been caused, directly or indirectly, by the publication of the number of a non-published service or the disclosing of said number to any person. ’ ’
The court does not determine that this rule or regulation, filed with the Public Service Commission, is invalid or arbitrary. The court does not dispute the authority of the Public Service Commission to approve such rule or regulation and its right to enforce it.
We are here concerned with but one problem: — may the New York Telephone Company legally withhold this subject information which plaintiff asserts it requires for the purpose of commencing a lawsuit for the recovery of what appears, prima facie, to be a valid and just claim.
CPLR 3102 (subd. [c]) is derived from section 295 of the Civil Practice Act and reads as follows: “ Before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order. The court may appoint a referee to take testimony. Where such disclosure is obtained for use in an action involving title to real property the deposition or other document *342 obtained shall be promptly recorded in the office of the clerk of the county in which the real property is situated.”
Matter of Schellings & Co. (Klein) (284 App. Div. 1050) was a case in which the petitioner proceeded pursuant to section 295 of the Civil Practice Act and obtained an order ex parte to examine a person who had information concerning the names and addresses of prospective defendants in a contemplated action to recover stolen property. There, the court ordered an examination.
It is to be noted the tariff regulation filed with the Public Service Commission in nowise prohibits telephone corporation from revealing the name and address of the subscriber of non-published service. The regulation prohibits only the disclosure of the nonpublished telephone number.
There is nothing contained in the regulation that makes reference to the name and address of the subscriber of the non-published number.
A reading of the regulation reveals that “ In the absence of gross negligence or willful misconduct, no liability for damages arising from publishing the telephone number of a non-published service in the directory or disclosing in the directory or disclosing said number to any person shall attach to the company ”.
Nor is this all. The regulation provides that a telephone corporation is indemnified and saved harmless against any and all claims for damages caused by the publication or disclosure of the telephone number of the nonpublished service.
The plaintiff knows the unlisted number. All it seeks is the name and address of the telephone corporation’s subscriber.
This telephone corporation may not be permitted to read into the regulation upon which it relies, a prohibition against it which is not there. It may not, subvert its rule and regulation filed with the Public Service Commission and thus prevent from submission to the court for judicial determination the prima facie justifiable claims against its subscribers to nonpublished telephone numbers. Such resistance to lawful process and procedure cannot be tolerated in our free and mobile society, for it would only lead to fraud and consistent wrongdoing.
If any prohibition there be in the regulation, it must be subordinated to the interests of justice, especially when the damage, if any, which might be imposed upon a telephone corporation, is minuscule (“a refund of any monthly charges which the company may have made for such non-published service ”). This, indeed is no risk at all when a facility under its control, but subject in a sense to the operation of its subscriber, may set in motion fraud and wrongdoing, detrimental to person, prop *343 erty and economic existence. This, the court will not permit. Accordingly, plaintiff’s motion is granted.
Settle order setting down the examination of the New York Telephone Company by an appropriate representative at Special Term, Part II, of this court at a date and hour convenient to the parties hereto, said order to provide for the production of the material books and records containing the name and address of the subscriber to the nonpublished telephone number 222-4078 in the months of November and December, 1968.