L-Tron Corporation, Appellant, v Davco Systems, Inc., Respondent.

Fourth Department, December 9, 1977

## APPEARANCES OF COUNSEL

*Hersha & Scott (Roger Scott* of counsel), for appellant.

*Davis, Nesper & McElvein (Costello, Cooney & Fearon* and *Bruce B. Roswig* of counsel), for respondent.

## OPINION OF THE COURT

MOULE, J. P.

This appeal is from an order denying plaintiff's motion pursuant to CPLR 3102 (subd [c]) and CPLR 3111 for disclosure for the purpose of framing a complaint.

Plaintiff commenced this action by service of a summons upon defendant corporation (hereinafter referred to as Davco) on September 2, 1976. Thereafter, on September 29, 1976 plaintiff served upon Davco a notice of motion for disclosure for the purpose of framing a complaint and identifying parties pursuant to CPLR 3102 (subd [c]) and CPLR 3111, in which it noted its intention to seek an order permitting it to depose orally David Grazen, who was president of Davco but not a party to this action, or any other officer of Davco and to produce for inspection, discovery and copying the complete records of Davco with respect to transactions occurring between Grazen and Rochester Instrument Systems, Inc. (hereinafter referred to as RIS) and between Davco and RIS.

In an affidavit in support of its motion plaintiff's treasurer alleged the following: that on or about October 3, 1970 plaintiff and RIS entered into a sales representative agreement which provided that plaintiff would be the exclusive sales representative for RIS products within a territory consisting of northeastern and western New York; that the agreement was terminable at will, in that either party could terminate it upon 30 days' written notice to the other party; that on or about January 1, 1969 Grazen was hired by plaintiff as a sales engineer to service its accounts in the western part of New York, among which was the RIS account; that during 1973, as part of plaintiff's internal reorganization, the territory originally assigned to Grazen was decreased and limited to the extreme northwestern part of New York; that on or about July 25, 1974 Grazen, with plaintiff's approval, formed Davco for the purpose of realizing an income tax benefit, it being mutually agreed that Davco was not to be an independent corporation but rather remain an employee of plaintiff; that the territory assigned to Davco was the same as that assigned to Grazen, individually; and that on or about April 14, 1976 Grazen, individually, and Davco resigned from plaintiff's employ.

Plaintiff's treasurer further alleged that on or about May 13, 1976 plaintiff received a letter from RIS containing an amendment to their sales representative agreement under which RIS deleted approximately 70% of the territory assigned by it to plaintiff and reassigned this deleted territory to Davco; that plaintiff, by letter dated June 15, 1976, objected to this revision and assured RIS that it was fully capable of servicing the territory in issue; that after much correspondence and negotiation between plaintiff and RIS, plaintiff received a letter from RIS dated June 28, 1976 in which RIS elected to terminate the existing contract effective May 17, 1976; that although by its letter dated May 13, 1976 RIS gave notice of its election to reassign the territory previously handled by plaintiff to Davco, upon information and belief, a list of sales offices dated May 11, 1976 and submitted to existing and potential customers, reflected "D. Grazen of Davco Systems, Inc." as an independent sales engineer of RIS, some 48 days prior to the date RIS elected to terminate the sales representative agreement; that inasmuch as pursuant to its contract with RIS plaintiff was entitled to commissions on orders placed by customers in the territory assigned to it, it is necessary that plaintiff be allowed to examine the books and

records of Davco and to take the oral deposition of Grazen in order to compute damages resulting from the wrongful placement of orders by customers through Davco to RIS; and that a mere chronological review of the facts and circumstances strongly implies that Davco and/or Grazen individually is guilty of interference with the contract existing between plaintiff and RIS and may have directly induced a breach thereof by RIS and, accordingly, discovery sought by the motion was necessary for the framing of a complaint. In addition to the affidavit of plaintiff's treasurer, plaintiff's attorney submitted an affidavit in support of the discovery motion. However, that affidavit sets forth no new allegations of fact.

In an affidavit in opposition to the motion for discovery Davco's attorney alleged the following: that the moving affidavit sets forth numerous factual allegations which are more than sufficient to frame any alleged complaint that plaintiff may have; that the remedies sought here are not available to ascertain whether one has or may have a cause of action; and that to allow the requested deposition and production of all documents as demanded by plaintiff would amount to permitting a "fishing expedition" and prove highly prejudicial to Davco.

Special Term denied plaintiff's motion for disclosure stating that plaintiff had failed to show sufficiently that it has a good cause of action against Davco and that disclosure may not be had to enable plaintiff to ascertain damages. We agree.

█ CPLR 3102 (subd [c]) states that "[b]efore an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order." To become entitled to an examination for the purpose of framing a complaint plaintiff must first show that he has a good cause of action (*East v. Endicott Forging & Mfg. Co.,* 280 App Div 651). In *Stewart v Socony Vacuum Oil Co.* (3 AD2d 582, 583) the court held:

"The party seeking the examination ought to disclose under oath facts which will fairly indicate he has some cause of action against the adverse party. He need not, of course, either name it correctly or state it with technical precision, but as a matter of judicial policy he ought to be required to show * * * that the examination he seeks is 'material' and 'necessary' to some actionable wrong.

"If he does not have a describable sense of the wrong that

he thinks hurt him, he ought not be allowed a judicial franchise to penetrate into another party's affairs, either by examination or inspection, to find out whether he ought to sue or ought not to sue."

Accordingly, applications have been denied where the affidavits did not fairly indicate that the applicant had a good cause of action and it appeared that the plaintiff was merely seeking to ascertain whether facts existed to create a cause of action (*New Rochelle Precision Grinding Corp. v Marino,* 9 AD2d 685; see, also, *Stewart v Socony Vacuum Oil Co., supra; East v Endicott Forging & Mfg. Co., supra; Beikirch v Loebs,* 243 App Div 859). Furthermore, disclosure has been denied where sought only to enable the plaintiff to state the amount of damages (*Zakarias v Radio Patents Corp.,* 20 AD2d 795). Finally, disclosure should not be permitted where the facts disclosed indicate that plaintiff has sufficient information to enable it to draw a complaint without the examination which it seeks (*Matter of City of Buffalo v Orlando,* 52 AD2d 1061).

Plaintiff first asserts that based upon the facts set forth in its affidavits it has a cause of action against Davco for tortious interference with its contract with RIS or for wrongful inducement of breach of that contract.

We find, however, that plaintiff fails to present sufficient facts to show that it has a good cause of action against Davco and rather, it appears that plaintiff is merely seeking, through discovery, to ascertain whether facts exist to create a cause of action. The affidavit in support of the motion for discovery shows that shortly after Davco left plaintiff's employ it was hired by RIS to be its sales representative in a major part of the Western New York area which had previously been serviced by plaintiff. Thereafter, attempts between plaintiff and RIS to agree to a revised working relationship failed and plaintiff was informed by RIS that its services were no longer needed in that regard. Plaintiff asks us to infer from these facts that Davco wrongfully induced RIS to breach its contract with plaintiff and, in so doing, receive the economic benefit of becoming RIS's new sales representative.

The essential allegations to be pleaded in order to recover damages for wrongfully inducing a breach of contract are the existence of a legal contract, the alleged wrongdoer's knowledge of its existence, and his intentional procuring of the breach without justification, with damages resulting therefrom (59 NY Jur, Torts, § 18; see, also, *Felsen v Sol Cafe Mfg.*

*Corp.,* 24 NY2d 682, 686). Plaintiff's allegations here rise to the level of mere suspicion that Davco intentionally induced RIS to breach its contract with plaintiff. Initially, plaintiff has failed to present sufficient facts to substantiate its claim that RIS ever breached the sales representative agreement. Second, the facts here can easily be read to imply that RIS was extremely satisfied with the work done for it by Davco while Davco was in plaintiff's employ and that upon Davco's resignation from plaintiff, RIS merely wished to retain Davco as its sales representative. The record fails to show any evidence of an intentional procurement of a breach of the agreement between plaintiff and RIS by Davco. Moreover, plaintiff has served a summons upon RIS in another action not before this court and it may well be that if plaintiff has any cause of action, it is against RIS for breach of contract.

■ Plaintiff secondly asserts that it has a cause of action against Davco for wrongful solicitation from a customers' list. This cause of action is mentioned for the first time on appeal and, inasmuch as the record fails to contain sufficient facts supporting it, plaintiff should not be entitled to discovery in advance of pleading. Furthermore, discovery may not be had here for the purpose of ascertaining damages inasmuch as such is not a proper basis for the granting of disclosure pursuant to CPLR 3102 (subd [c]). (See *Zakarias v Radio Patents Corp., supra.)*

■ Under these circumstances, we find that plaintiff has failed to demonstrate that it has at least a prima facie cause of action against Davco in order to justify granting it preaction disclosure under CPLR 3102 (subd [c]). Plaintiff may not utilize this discovery procedure in order to enable it to determine whether it has a cause of action against Davco, inasmuch as to permit it to do so would expose Davco to possible prejudice at an early stage of the proceeding. However, our determination here does not preclude plaintiff from serving upon Davco a complaint based upon any and all facts at its disposal. Moreover, if this complaint is tested by motion to dismiss pursuant to CPLR 3211, plaintiff might be granted disclosure pursuant to CPLR 3211 (subd [d]) in order to ascertain facts unavailable to it, which facts are essential to justify opposition to the motion. Furthermore, after service of its complaint, plaintiff might be entitled to disclosure in order to amend its complaint or to secure information material and necessary to prosecute its action against Davco.

Accordingly, the order denying plaintiff's motion for discovery should be affirmed.

CARDAMONE, SIMONS and DILLON, JJ., concur.

Order unanimously affirmed, with costs.