■ In the Matter of EDWARD JANOSIK.—Order unanimously reversed, without costs, and motion denied. Memorandum: This is an appeal by appellant Virginia Kemp from an order granting applicant Edward Janosik pre-action discovery by way of oral deposition as an aid to enable him to frame a complaint pursuant to CPLR 3102 (subd [c]). The petition upon which the order is based alleges that petitioner believes that he has a cause of action in slander against Virginia Kemp and certain unnamed persons. He wishes to examine Virginia Kemp to determine the dates, times, places and words used by the unnamed persons in order that he can properly frame a complaint. Petitioner apparently has sufficient information in order to frame a proper complaint against appellant. Critical to this appeal is the following paragraph contained in the petition: "Your deponent does not want to commence an action against individuals if the statements made were not actionable and therefore, in order to assist the plaintiff in drawing his complaint and to avoid litigation which may be unnecessary, your deponent requests the right to examine Virginia Kemp as to the words used in describing your deponent as incapable of managing the program." Such an assertion is insufficient to support an application for the relief requested, otherwise available under CPLR 3102 (subd [c]). Pre-action disclosure under CPLR 3102 (subd [c]) is not available to determine whether a cause of action in fact exists. The prima facie cause of action must be demonstrated (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:4, p 263). An examination to frame a complaint will not be permitted where what is sought is to ascertain whether facts supporting the cause of action exist *(Matter of Simpson [Traum],* 63 AD2d 583; *L-Tron Corp. v Davco Systems,* 60 AD2d 25). Similarly, such an examination is not permitted "to explore the feasibility of framing a complaint" *(Cotler v Retail Credit Co.,* 18 AD2d 898). Once an applicant fairly demonstrates that a cause of action exists, CPLR 3102 (subd [c]) is available to him to determine the form that the action should take and even who the defendant should be. In the instant case the petition is insufficient to support the order appealed from. It is noted that during the pendency of this appeal the plaintiff, faced with the short Statute of Limitations for the tort of slander, has commenced an action against "all parties whom he believed were involved in the slanderous statements," so that now an action is pending. This does not foreclose petitioner from seeking the relief he desires and he may now move under CPLR 3102 (subd [c]) by notice of motion or order to show cause based upon a sufficient showing of some actionable wrong for an examination of the parties in order to enable him to frame his complaint upon a demonstration that such an examination is necessary. (See Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:4, p 264.) (Appeal from order of Monroe Supreme Court—discovery.) Present—Cardamone, J. P., Simons, Doerr, Witmer and Moule, JJ.