■ In the Matter of PETER H. URBAN, Respondent, v HOOKER CHEMICALS & PLASTICS CORPORATION, Appellant.—Order unanimously affirmed, without costs. Memorandum: Applicant Urban, a "Love Canal" resident, commenced this preaction discovery pursuant to CPLR 3102 (subd [c]) by obtaining a show cause order directing Hooker Chemicals & Plastics Corporation (Hooker) to disclose the identity of all persons and corporations involved with the design, construction, use, maintenance, covering and closing of the Love Canal dump site and all written records relating to Hooker's disposal of chemical wastes at the Love Canal. Hooker objected and, after a hearing, Special Term ordered that such discovery proceed. Applicant twice examined one of Hooker's employees, then, asserting that Hooker had not fully complied with the original order, obtained a show cause order directing Hooker to submit to further discovery. Special Term so ordered and applicant examined two of defendant's employees. Thereafter, asserting that Hooker had not fully complied with the discovery as ordered, applicant obtained a show cause order directing Hooker to submit to further disclosure. After a hearing Special Term directed Hooker to produce an employee previously examined and a third employee for further examination. Hooker appeals, contending that applicant does not need further preaction discovery inasmuch as he has sufficient information to frame his complaint. CPLR 3102 (subd [c]) authorizes preaction discovery to allow a prospective plaintiff to frame his complaint and obtain the identity of prospective defendants (Matter of Roland [Deak], 10 AD2d 263; Stewart v Socony Vacuum Oil Co., 3 AD2d 582; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102:12). The extent to which disclosure before suit should be permitted is left to the court's discretion (Advisory Committee Notes to CPLR 3102, subd [c], 4G Cons Laws Serv, CPLR 3102, p 558). We find that the discovery authorized by the various orders was proper. In addition, inasmuch as the previous proceedings have been held before different Justices, in consideration of judicial economy and orderliness, we direct that all future discovery proceedings be conducted under the direction of the Judge designated to handle these matters, who will control the time, place and circumstances of such further discovery. (Appeal from order of Niagara Supreme Court—discovery.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.