In the Matter of PAUL BERGAN, Respondent, v SULLIVAN BROTHERS WOOD PRODUCTS OF KEESEVILLE, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered December 7, 1979 in St. Lawrence County, which granted a motion for preaction disclosure pursuant to CPLR 3102 (subd [c]). Plaintiff alleges that he was seriously injured on October 7, 1978 when a load of pine logs fell from an eastbound tractor trailer on New York State Route 458, and crushed his car which he was driving westbound. It is also alleged that the tractor trailer was owned and operated by one Warren Plumadore, who, upon information and belief, was employed by defendant Sullivan Brothers Wood Products of Keeseville, Inc. Plaintiff also alleges that he has no knowledge as to the exact terms under

which Warren Plumadore was employed by defendant and the exact dates of the employment contract between them, and that it is necessary to take the deposition upon oral questions of an officer of the corporation, as an aid in bringing an action against it, and to enable him to frame his complaint. Although defendant opposed the motion, no affidavit was submitted in opposition thereto. Special Term granted the motion. Defendant contends that preaction disclosure should not be available to determine if a cause of action, in fact, exists, and that such relief should not be permitted where what is sought is to ascertain whether facts supporting the cause of action exist, or where plaintiff possesses the information to frame a complaint, or merely seeks to explore the feasibility of framing a complaint. CPLR 3102 (subd [c]) is available to determine the form that the action should take and even who the defendant should be *(Matter of Janosik,* 71 AD2d 1058). Plaintiff has demonstrated that he has a cause of action and the facts constituting the cause of action. He is seeking the facts necessary to frame a complaint against defendant, or, at very least, the facts as to whether defendant should be a party to the action. The order of Special Term should, therefore, be affirmed. Order affirmed, with costs. Greenblott, J. P., Kane, Staley, Jr., Mikoll and Casey, JJ., concur.