■ In the Matter of MANUFACTURERS AND TRADERS TRUST CO., Respondent, v NORMAN E. BONNER et al., Respondents and LEE LAMENDOLA et al., Appellants. —. Order reversed, with costs, and motion denied. All concur, Cardamone, J., not participating. Memorandum: Respondents, Lee LaMendola, Gerald R. Hanny and Joan Hanny, appeal from an order at Special Term which granted petitioner's motion for pre-action disclosure pursuant to CPLR 3102 (subd [c]). From the moving papers it appears that petitioner seeks to examine respondents in connection with their participation in loan transactions which involved a former bank officer and, overall, resulted in an estimated loss to petitioner in excess of $2,500,000. Petitioner asserts that loans to respondents for $49,000 and $69,900, respectively, were intended to divert moneys from the petitioner dishonestly and fraudulently and in violation of applicable lending limit rules and other fiduciary obligations of the bank officer to the petitioner and that respondents possess knowledge which will enable petitioner to formulate complaints against them for civil recovery to reduce its loss. Initially, petitioner claimed that it sought the pre-action disclosure to enable it to prepare an appropriate proof of loss under a banker's blanket bond executed by its insurer and to use in its prospective cause of action against the insurer. However, on oral argument petitioner conceded that no such action is contemplated. Petitioner alleges in its moving papers that it seeks disclosure to develop the relationship and agreements between respondents and the bank officer and "to determine what, if any, civil causes of action [it] has against the [i]ndividual [r]espondents" and entitles the motion as an application for an order directing disclosure to determine whether petitioner has a cause of action. A prospective plaintiff seeking pre-action discovery pursuant to CPLR 3102 (subd [c]) must demonstrate the existence of a prima facie cause of action; it is not available to determine whether a cause of action in fact exists *(Matter*

of *Bergan v Sullivan Bros. Wood Prods. of Keeseville,* 77 AD2d 723; *Matter of Janosik,* 71 AD2d 1058; *Matter of Simpson [Traum],* 63 AD2d 583; *L-Tron Corp. v Davco Systems,* 60 AD2d 25; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3102:4, p 263). A potential plaintiff is entitled to pre-action disclosure to identify prospective defendants and to determine the precise facts upon which a cause of action lies in order to frame pleadings and to determine what form the action should take *(Matter of Weaver v Waterville Knitting Mills,* 78 AD2d 574; *Matter of Janosik, supra;* 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102:11). Petitioner has not demonstrated that it has a cause of action against respondents and pre-action discovery may not be used to ascertain whether facts exist to create or support a cause of action or to explore the feasibility of framing a complaint. Petitioner has failed to make the requisite showing entitling it to pre-action discovery and its moving papers are insufficient to support the order appealed from. Further, we note that Special Term was without authority to direct that petitioner's insurer be permitted to participate in the disclosure proceeding and examine each witness. (Appeal from order of Erie Supreme Court, Kuszynski, J. — disclosure.) Present — Dillon, P.J., Cardamone, Callahan, Moule and Schnepp, JJ.