■ ROBERT EMMRICH, Respondent, v TECHNOLOGY FOR INFORMATION MANAGEMENT, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered July 1, 1982 in Albany County, which granted plaintiff's motion for disclosure to aid in bringing an action. Plaintiff is a minority (2%) shareholder in corporate defendant Technology for Information Management, Inc. (TIM). He acquired his shares primarily as part of a chapter X reorganization in 1972 in exchange for a 1969 $10,000 note he had been holding. In 1976 defendant Willcox, president of TIM, started a new company, corporate defendant TIM-formation, Inc. Also in 1976, defendant Willcox offered to purchase all of plaintiff's TIM stock for $12.85. Plaintiff did not sell at that time. Five years later, Willcox informed plaintiff that his stock was now worthless. Plaintiff then brought a motion for an order pursuant to CPLR 3102 (subd [c]) for preaction disclosure of all books and records relative to the operation of both corporations and for tax returns of both corporations and defendant Willcox. Special Term granted the motion, and this appeal followed. Disclosure to aid in bringing an action, under CPLR 3102 (subd [c]), is granted only where the party seeking the disclosure has shown in his affidavits facts which "fairly indicate he has some cause of action against the adverse party" and, further, that the information he seeks is "material and necessary" to that actionable wrong (Stewart v Socony Vacuum Oil Co., 3 AD2d 582, 583). Preaction disclosure is not allowed to determine whether facts supporting a cause of action exist (Matter of Manufacturers & Traders Trust Co. v Bonner, 84 AD2d 678; L-Tron Corp. v Davco Systems, 60 AD2d 25, 29), and mere conclusory statements of suspicion and conjecture are insufficient to allow one "a judicial franchise to penetrate into another party's affairs, either by examination or inspection, to find out whether he ought to sue or ought not to sue" (Stewart v Socony Vacuum Oil Co., supra, p 583; see, also, 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.14). The only facts which plaintiff has put forward are that his TIM stock is worthless and that in 1976 a new corporation, TIM-formation, Inc., was formed and uses a similar name and

the same address as TIM. Plaintiff rather inconsistently states that these facts "clearly set forth a prima facie case for fraud, breach of fiduciary duty, conspiracy, and misuse of corporate property", and that he needs preaction discovery in order "to learn who the proper parties might be as well as the nature of the cause of action" for his proposed lawsuit. We do not find that plaintiff's factual showing "fairly indicates" any actionable wrong against defendant. Plaintiff's affidavit is wholly insufficient for this purpose and does no more than state the barest of conjectures. Furthermore, plaintiff has not even taken advantage of his right under section 624 of the Business Corporation Law to demand inspection of defendant TIM's shareholder records and minutes and corporate balance sheets. For the foregoing reasons, the order should be reversed. Order reversed, on the law and the facts, with costs, and motion denied. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.