■ In the Matter of PATRICK VERDON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — Order, Supreme Court, New York County (Cerrito, J.), entered July 7, 1982, which granted petitioner's application for

disclosure of information necessary to frame a complaint and directed defendant to furnish, *inter alia,* reports of defendant's employees, statements of witnesses and photographs, unanimously reversed, on the law and on the facts, and the application is dismissed, without costs. At approximately 10:30 A.M. on February 4, 1982 the petitioner was a passenger on a southbound "A" train. This train made an unscheduled stop at the Spring Street subway station in Manhattan. Then, as the petitioner was crossing between cars, the train abruptly restarted. This sudden movement caused petitioner to be thrown from the train and onto the tracks. Thereafter, petitioner suffered injuries, which resulted in the traumatic amputation of his right leg. The petitioner timely filed a notice of claim with the defendant New York City Transit Authority. Now he has made application for preaction disclosure, pursuant to CPLR 3102 (subd [c]). Our examination of this notice of claim leads us to conclude that "[s]ince [petitioner] has demonstrated he possesses sufficient information to enable him to frame a complaint, the preaction disclosure he seeks is unavailable to him" (*Matter of Ryan v Marsh & McLennan Int., 70 AD2d 567*). Concur — Sandler, J. P., Sullivan, Ross, Fein and Kassal, JJ.