*366 OPINION OF THE COURT
Stanley Green, J.
The petitioner herein alleges that she was a passenger on a Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) bus, number 2365, license plate A32018, on July 17, 1990 at 2:15 p.m. when the bus collided with another vehicle, allegedly owned and operated by the City of New York. The petitioner alleges that she was injured in the accident. However, her attorney found that her name did not appear in the police accident report under the list of persons “involved” in the accident.
This preaction order to show cause is brought to have MABSTOA produce accident and investigation reports related to the July 17, 1990 accident. The petitioner states that this information is necessary in order to frame a complaint. Petitioner’s counsel also expresses concern about criminal charges allegedly brought by MABSTOA against a personal injury claimant who settled a claim with MABSTOA. The basis of that action is allegedly MABSTOA’s contention that the claimant was not a passenger on the bus at the time of the accident. Petitioner’s counsel states that by merely accepting his client’s word that she was in the accident, he puts both himself and his client “at risk” for a similar claim by MABSTOA. The petitioner states that at this time she does not wish to pursue a claim against MABSTOA, but only the city, which was not served with this petition. In all likelihood, however, the city will bring a third-party action against MABSTOA once it is served with a summons and complaint.
A petition under CPLR 3102 (c) to obtain preaction disclosure to aid in bringing an action is only granted where the party seeking the disclosure can show facts which indicate that a cause of action exists (Matter of Gleich v Kissinger, 111 AD2d 130, 131 [1st Dept 1985]) and that the information sought is "material and necessary” to the actionable wrong (Matter of Stewart v Socony Vacuum Oil Co., 3 AD2d 582, 583). Preaction disclosure is not allowed to determine whether facts supporting a cause of action exist. (See, Matter of Verdon v New York City Tr. Auth., 92 AD2d 465 [1st Dept 1983].)
It appears to this court that the petitioner has demonstrated facts which indicate a cause of action exists. Although counsel’s concerns are legitimate in light of the MABSTOA *367 action and the highly publicized criminal trial of Morris J. Eisen, P. C. and others for bringing fraudulent claims (NY Times, Nov. 20, 1990, at Bl, col 1; Wall Street Journal, Jan. 12, 1990, at B3, col 1), counsel is permitted to rely on his client’s representations when forming a complaint and should not become "gun shy” because of other civil and criminal lawsuits alleging false claims and frivolous lawsuits. Counsel should always be diligent in determining whether a claim is valid; however, he can rely on his client’s representations, unless there is a clear indication that the claim is not a valid one. (See, Code of Professional Responsibility DR 7-102 et seq., DR 2-110 [C] [1] [b]; see also, 1981 Opns Am Bar Assn No. 1470 [Inf Opns].) The fact that the petitioner’s name does not appear on the police accident report, which has only seven allotted spaces for persons involved in the accident, all of which are filled, does not indicate that the claim is fraudulent or suggest that counsel should not rely on his client’s representations.
The petitioner has also demonstrated that the information is material and necessary to the actionable wrong as she has a "describable sense of the wrong that [s]he thinks hurt h[cr]” (Matter of Stewart v Socony Vacuum, Oil Co., supra, at 583). However, CPLR 3102 (c) requires that the disclosure sought aid in bringing the action. The disclosure requested herein would not aid in bringing the action and would only be used to determine whether facts supporting a cause of action exist. The petitioner has in fact demonstrated that she possesses sufficient information to frame her complaint (supra). She has the police report and knows who the defendant(s) are; she knows the bus number, license plate, date and time of the accident and presumably has had medical examination^) to prove the extent of her injuries. This, in combination with the petitioner’s representation that she was injured, appears to be sufficient to frame a complaint. Accordingly, the petition for preaction disclosure is denied.
The court notes that although all potential parties should have notice of a preaction disclosure petition (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:4, at 263) and the city, a potential defendant herein, was never served, the rendition of this order makes notice of the petition moot.