OPINION OF THE COURT
Marvin E. Segal, J.
The petitioners propose to commence an action against their former employer Dean Witter Reynolds, Inc. for discrimina *863 tian and/or tortious interference with their employment. They seek an order pursuant to CPLR 3102 (c) permitting them to depose their former supervisor, James Batridge, to aid them in framing a complaint and in bringing the action.
The petitioners were computer programmers employed by First Jersey Bank, Jersey City, New Jersey. In 1988, the data processing unit, consisting of approximately 60 employees, was sold to National Westminster Bank. James Batridge was the supervising vice-president of the computing unit. On October 1, 1989, National Westminster Bank sold the computing unit to Dean Witter Reynolds, Inc. Dean Witter installed two new supervisors, James Scanlon and Paul O’Brien, in the data processing department. The petitioners and five other employees of the data processing unit were all discharged by Dean Witter. The petitioners claim that these eight employees were targeted for termination because "they did not fit the Dean Witter image”; that the employees who were discharged were all either over 40 years of age, of foreign ancestry, Jewish or Muslim, non-caucasian or female. The petitioners assert that each of the above categories constitute minority groups protected by Federal antidiscrimination statutes including the Federal Age Discrimination in Employment Act of 1967 (29 USC §§ 621-634); the Civil Rights Act of 1866 (42 USC § 1981) and the Civil Rights Act of 1871 (42 USC § 1983); Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (42 USC § 2000e et seq.); Equal Pay Act of 1963 (29 USC § 206 [d], [1]); and Executive Order 11246, as amended by Executive Order 11375 under Federal Government contract (reprinted at 42 USC § 2000e et seq.).
The petitioners contend that they were discharged because of their age, sex, race, religion or national ancestry and that they were replaced by younger persons who fit the Dean Witter image. They contend that their discharges are actionable under both Federal and State law but that they lack information sufficient to frame a complaint. Petitioners seek to determine the race, sex, religion and national origin of the replacement employees. They further seek to confirm that their former supervisor, James Batridge, who was also eventually discharged, was forced to falsify job performance evaluations of the petitioners in order to establish justification for the terminations. The petitioners move for an order of preaction discovery granting them leave to depose Mr. Batridge *864 concerning the dates, nature, motivation and substance of the alleged false job performance evaluations.
The respondent, James Batridge, has not opposed the motion for pre-action discovery. Dean Witter has opposed the application by affidavit of Paul Murray, an assistant vice-president of Dean Witter Trust Company, a wholly owned subsidiary of Dean Witter Reynolds, Inc. Dean Witter contends (1) that it has standing to oppose the instant application, and (2) that the application should be denied on the ground that it has already supplied "a substantial amount of information” in the context of certain administrative proceedings, conducted by the Equal Employment Opportunity Commission Division of Civil Rights, and that said information is sufficient to enable petitioners to frame a complaint. Dean Witter further points out that if the motion is granted, Mr. Batridge will be inconvenienced in that he will have to appear for a second deposition subsequent to the commencement of the action, as Dean Witter will not be present at any pre-action deposition.
Petitioners’ motion was originally granted as an unopposed motion by order dated September 21, 1992. Dean Witter’s opposition papers were received in chambers after execution of the order although same were apparently timely filed with the court. The motion returnable on September 18, 1992 was adjourned by the court, on the court’s own motion, together with all other motions appearing on the court’s calendar on September 18, 1992 to September 21, 1992 due to the court’s attendance at a seminar on September 18, 1992. The instant motion was not adjourned pursuant to any ex parte request by Dean Witter, nor did the court hear or grant any ex parte application by Dean Witter for leave to serve and file any papers beyond the return date of the motion. As Dean Witter timely served and filed papers in opposition to the instant motion, the order dated September 21, 1992 is hereby vacated.
CPLR 3102 (c) provides for pre-action disclosure by court order, but sets forth no procedural requisites governing service of a motion seeking disclosure prior to the commencement of an action. While the law is clear that deposition testimony, taken without affording an opposing party notice and an opportunity to cross-examine, may not be admitted into evidence at trial (CPLR 3117 [a] [3]; Tieman v Davies, Turner & Co., 261 App Div 376; Simpson v Johnson, Drake & Piper, 249 App Div 827; Allen v Allen, 225 App Div 873), there is authority which holds that pre-action disclosure may be *865 ordered upon an ex parte application (see, Matter of Affiliated Distillers Brands Corp. v Metropolitan Package Stores Assn., 23 AD2d 650; Matter of Schellings & Co., 284 App Div 1050; Matter of Richey v Coleman, 218 App Div 732; Allen v Allen, supra; Eastman Kodak Co. v Fotomat Corp., 62 Misc 2d 1025; New York Times Co. v Givens, 61 Misc 2d 339; Matter of Ram v Ram, 54 Misc 2d 704). Dean Witter has presented no authority which holds that a potential defendant is entitled to a notice of a motion seeking pre-action discovery from a nonparty witness. Further, petitioner herein proceeded by order to show cause, rather than notice of motion, and was directed by order dated August 21, 1992 granted by the Honorable George A. Murphy, to proceed upon personal service of the application upon James Batridge. Justice Murphy did not direct service upon Dean Witter.
Nevertheless, Dean Witter apparently received notice of the application and has asserted opposition thereto. The petitioners demand that the court disregard the opposition submitted by Dean Witter on the ground that Dean Witter lacks standing to contest petitioners’ right to conduct a pre-action deposition of Dean Witter’s former employee.
The concept of standing is not an inflexible one. Generally, standing should be "expanded rather than contracted” on the condition that the parties to the proceedings have an interest in the outcome sufficient to lead to a full and vigorous presentation and explanation of the issues involved. (Matter of Burke v Sugarman, 35 NY2d 39, 44-45; Boryszewski v Brydges, 37 NY2d 361.) Clearly, as Dean Witter is the subject of the preaction discovery it has an interest in the outcome of the instant application sufficient to confer standing upon it to contest petitioners’ right to pursue said pre-action discovery. Despite the fact that CPLR 3102 (c) does not mandate service upon a potential defendant, the court will consider the opposition papers submitted by Dean Witter (see, New York Times Co. v Givens, supra).
CPLR 3102 (c) provides that "[b]efore an action is commenced, disclosure to aid in bringing an action * * * may be obtained, but only by court order.” The assessment of the propriety of prelitigation discovery lies within the broad discretion of the court. (Matter of Thomas v New York City Tr. Police Dept., 91 AD2d 898; Matter of Urban v Hooker Chems. & Plastic Corp., 75 AD2d 720; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3102.07.) In a proper case, pre-action discovery is permitted to assist a potential litigant to frame a complaint or *866 identify a prospective defendant. (Matter of Manufacturers & Traders Trust Co. v Bonner, 84 AD2d 678; Matter of Weaver v Waterville Knitting Mills, 78 AD2d 574.) Entitlement to disclosure to aid in the framing of a complaint must be predicated upon a showing that the party seeking discovery has a meritorious cause of action. (Matter of Gleich v Kissinger, 111 AD2d 130, 131; Emmrich v Technology for Information Mgt., 91 AD2d 777; L-Tron Corp. v Davco Sys., 60 AD2d 25; Stewart v Socony Vacuum Oil Co., 3 AD2d 582.) Prelitigation discovery may not be utilized as a device to ascertain whether facts supporting a cause of action exist (Matter of Janosik, 71 AD2d 1058; State of New York v Braunstein, 66 AD2d 885; L-Tron Corp. v Davco Sys., supra; New Rochelle Precision Grinding Corp. v Marino, 9 AD2d 685), or for the purpose of exploring the feasibility of framing a complaint. (Cotler v Retail Credit Co., 18 AD2d 898.) Further, where the party seeking discovery possesses sufficient information to frame a complaint, preaction disclosure is not permitted. (Matter of Verdon v New York City Tr. Auth., 92 AD2d 465; Matter of Ryan v Marsh & McLennan Intl., 70 AD2d 567; Matter of Simpson [Traum], 63 AD2d 583; Sesan v American Home Prods. Corp., 52 AD2d 1060; New Rochelle Precision Grinding Corp. v Marino, 9 AD2d 685, supra.)
In the instant proceeding, the petitioners have been afforded access to all documentation submitted to the Equal Employment Opportunity Commission by Dean Witter and they have sufficient information to frame a complaint against their former employer. The intent of the deposition sought herein is to obtain fact-specific disclosure from Mr. Batridge to ascertain the viability and merit of the proposed litigation, and not to aid petitioners in bringing an action. Discovery as to the race, age, sex and religion of the replacement employees, and as to the circumstances underlying the performance rating-reports rendered by Mr. Batridge, which were allegedly the basis of the subject employment terminations, is more appropriately conducted on a notice, in an adversarial context, after the commencement of an action.
Accordingly, the application for pre-action discovery is denied.