OPINION OF THE COURT
John P. Lane, J.
This is an application by John E. Ballow, Esq. on behalf of Charles H. Davis, an inmate at Attica Correctional Facility, for an order authorizing a deposition to preserve the testimony of Mr. Davis. Mr. Ballow has taken this action at the request of *66 the sister and brother of Davis, who is allegedly suffering from terminal cancer.
Disclosure before an action is commenced may be obtained by order to (i) aid in bringing an action; (ii) preserve information; or (iii) aid in arbitration. (CPLR 3102 [c].) When seeking discovery to aid in bringing an action, a prospective plaintiff must present facts that fairly indicate a cause of action exists. Without such a showing, disclosure for that purpose is not available. (See, Matter of Manufacturers & Traders Trust Co. v Bonner, 84 AD2d 678; accord, Matter of Stump v 209 E. 56th St. Corp., 212 AD2d 410; Emmrich v Technology for Information Mgt., 91 AD2d 777; Matter of Janosik, 71 AD2d 1058.)
However, this is an application to preserve testimony, not to aid in bringing an action. In such a case, there is no requirement that the existence of a cause of action be demonstrated with the certainty required when the application is intended to assist in framing a complaint or in identifying defendants. Furthermore, the person proposed to be deposed is not a potential defendant or witness who ought not to be inconvenienced in the absence of some showing of merit. (See, Matter of Stewart v New York City Tr. Auth., 112 AD2d 939.) Rather, it is Mr. Davis, a proposed claimant who is allegedly close to death, whose testimony is to be taken to the end that his rights be protected. (See, Matter of Ausnit [Malaxa], 191 Misc 390, mod 273 App Div 958 [ordering the deposition of a proposed defendant about to depart the country to protect the rights of his adversary].)
The papers submitted on this application establish not only the gravity of Mr. Davis’ condition, a fact not disputed by respondent,[1] but that a year ago when seen at University of Rochester Medical Center on a referral from Attica, he had a mass on the upper lobe of the left lung. Two months later the Medical Center reported to Attica that it had still not received chest X-rays and CT scans done earlier at another institution; a further CT scan was to be done and a follow-up was to be scheduled within two to three weeks to determine if a biopsy or bronchoscopy should be done. However, Mr. Davis was “lost to follow-up” and was not seen at the Medical Center for almost four months, at which point his condition had worsened. These facts do not, of course, fully establish a cause of action although they strongly suggest possible failures to promptly diagnose *67 and properly respond to a deteriorating lung condition resulting from the failure to provide earlier X-ray and CT scan reports for comparison purposes and to return Mr. Davis to the Medical Center for further examination. Thus, this application is not based upon mere suspicion (see, Matter of HoulihanParnes, Realtors [Cantor, Fitzgerald & Co.], 58 AD2d 629); and the relief sought is obviously necessary. (Compare, Gorgoni v Rapson, 166 AD2d 901.)
Balancing the need to preserve Mr. Davis’ testimony against the inconvenience and expense to the State if this application is granted, the scales tip heavily in his favor. Therefore, the application is granted.[2] In view of Mr. Davis’ condition, his videotaped deposition shall take place at Attica no later than July 29, 1998. The Superintendent of Attica and the Department of Correctional Services shall facilitate arrangements for the deposition. As Mr. Ballow has not yet been retained, the deposition shall not commence until he confers with Mr. Davis and then states on the record that he has been retained. The court retains jurisdiction of the proceeding for rescheduling purposes if the State can establish that Mr. Davis’ death is not imminent.

. On oral argument, the Attorney-General stated that Mr. Davis’ cancer has advanced to stage four.

. A petition pursuant to CPLR 3102 (c) by an attorney on behalf of a proposed claimant is not unheard of. (See, Matter of Heller v State of New York, 57 Misc 2d 976.) The unique circumstances of this case justify such a procedure.