■ In the Matter of MERCK-MEDCO MANAGED CARE, L. L. C., Appellant, v VALUE HEALTH, INC., et al., Respondents. [678

NYS2d 681] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered February 24, 1998 in Albany County, which denied petitioner's application for preaction disclosure.

Petitioner, a prescription drug benefit manager, has previously competed against respondents for the award of a State contract to provide prescription drug services for the Empire Plan, a health insurance program for State employees. Although petitioner has been awarded this contract in the past, respondent ValueRx Pharmacy Program, Inc. is the current holder of the contract. Having failed in its latest efforts to procure this lucrative contract, petitioner now contemplates filing actions against respondents sounding in (1) prima facie tort, (2) unlawful interference with prospective business advantage, (3) unlawful business practices, and (4) fraud. Prior to doing so, petitioner filed the instant motion for leave to conduct preaction discovery pursuant to CPLR 3102 (c) for the stated purpose of "investigat[ing] alleged wrong-doing" on the part of respondents that might lead to "potential causes of action" arising out of their efforts to procure the Empire Plan contract. Supreme Court denied the motion.

Preaction discovery may be authorized by court order, pursuant to CPLR 3102 (c), in matters where the movant has shown in supporting affidavits facts that indicate the existence of a prima facie cause of action against the adverse parties and where the movant has demonstrated that the information sought is "material and necessary" to the action (*see, Stewart v Socony Vacuum Oil Co.*, 3 AD2d 582, 583-584; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3102:4, at 311). It is not available for the purpose of determining whether a cause of action exists (*see, Emmrich v Technology for Information Mgt.*, 91 AD2d 777; *Matter of Manufacturers & Traders Trust Co. v Bonner*, 84 AD2d 678). Our review of the record discloses that petitioner's purpose in filing its motion for preaction discovery was to do just that. If there are any facts that would indicate the existence of a viable cause of action against respondents, petitioner has failed to present them in its motion papers. We conclude that Supreme Court properly exercised its discretion by denying the motion.

Cardona, P. J., Mikoll, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.