■ In the Matter of JOHN BYRAMAIN, Appellant, v SHIRLEY STEVENSON, Respondent. [717 NYS2d 717] —Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 22, 1999 in Albany County, which denied petitioner's application pursuant to CPLR 3102 (c) for preaction disclosure.

Petitioner seeks an order pursuant to CPLR 3102 (c) to take the deposition of respondent claiming that this preaction disclosure is necessary in order to aid him in bringing an action against respondent. Petitioner claims that until early 1990 he was a joint tenant with his mother on certain bank accounts which then totaled more than $600,000. When his mother passed away in 1998 she had joint bank accounts with respondent, the maternal niece and goddaughter of petitioner's mother, but none with petitioner. Petitioner alludes to wrongful conduct on the part of respondent which has deprived him of his ownership interest in those joint accounts that he alleges he acquired when his mother created them. Respondent opposes the motion claiming that petitioner has not set forth any facts that would indicate he has a viable cause of action against her and, in any event, since petitioner's mother closed the subject accounts more than eight years before she died, any cause of action would be barred by the applicable Statute of Limitations. Petitioner appeals from Supreme Court's denial of his motion and we now affirm.

Discovery pursuant to CPLR 3102 (c) is reserved for those instances where a potential plaintiff demonstrates that he or she has a meritorious cause of action and the information he or she seeks is material and necessary to the action (*see, Matter of Merck-Medco Managed Care v Value Health*, 254 AD2d 519, 520; *Liberty Imports v Bourguet*, 146 AD2d 535, 536). Use of a preaction discovery device may not be used as a fishing expedition in order to determine if a cause of action exists (*see, Matter of Merck-Medco Managed Care v Value Health, supra*, at 520; *Liberty Imports v Bourguet, supra*, at 537; *Matter of Gleich v Kissinger*, 111 AD2d 130).

Our review of the record leads us to the conclusion that Supreme Court properly exercised its discretion by denying petitioner's motion since his motion papers are devoid of the necessary showing that preaction disclosure was warranted.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.