██ In the Matter of MICHAEL W. HENRY, Respondent. CSX TRANSPORTATION, INC., Appellant. [843 NYS2d 891]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered February 28, 2007 with respect to an application for pre-action discovery pursuant to CPLR 3102 (c). The order granted the application.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the application is denied.

Memorandum: Petitioner, an employee of respondent, was allegedly injured when he lost his balance and fell upon stepping into the engine compartment of the locomotive on which he was working. Respondent appeals from an order granting petitioner's application for pre-action discovery pursuant to CPLR 3102 (c), permitting petitioner access to the locomotive in order to photograph and measure the area. In support of his application, petitioner submitted only the affirmation of his attorney, who alleged upon information and belief that petitioner stepped on a "defective plate on the floor of the engine compartment that was bent, which caused [petitioner] to go off balance." In opposition to the application, respondent provided, inter alia, photographs of the area and an affidavit of its "General Foreman of Locomotive" explaining that there was no reason for petitioner to step on the plate because the switch that he needed to access was accessible from the outside platform. That employee also explained that the purpose of the plate is to protect a sensor and that the plate is not intended for use as a step. "[An application] for pre-action discovery should only be granted when the petitioner demonstrates that he has a meritorious cause of action and that the information sought is material and necessary to the actionable wrong" (*Holzman v Manhattan & Bronx Surface Tr. Operating Auth.*, 271 AD2d 346, 347 [2000]; *see Matter of Uddin v New York City Tr. Auth.*, 27 AD3d 265, 266 [2006]). Here, petitioner's application failed to allege any theory of liability against respondent and failed to demonstrate that petitioner has a meritorious cause of action (*see Uddin*, 27 AD3d at 266; *Matter of Belmont v Bristol-Myers Squibb Co.*, 18 AD3d 292 [2005]). Furthermore, we conclude that petitioner had sufficient information upon which to frame a complaint and, indeed, we were informed during oral argument of the appeal that petitioner has now served respondent with a complaint without the benefit of the requested pre-action discovery. We thus conclude that Supreme Court erred in granting the application. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.