OPINION OF THE COURT
Robert C. Mulvey, J.
Petitioners have moved pursuant to CPLR 3102 (c) for an order permitting their consultant to examine, photograph, collect samples and otherwise inspect the Edward Flannery Towers owned by the Elmira Housing Authority for the purpose of determining the nature, scope and cause of an outbreak of Legionnaires’ disease which is believed to have occurred at the Flannery Towers in August of 2008. The Elmira Housing Authority has submitted papers in opposition to the relief requested by the petitioners.
The petitioners herein represent the interests of three tenants at the Flannery Towers who are alleged to have been diagnosed with Legionnaires’ disease in August of 2008. They seek the above-referenced preaction relief either personally or through their attorney in fact or family member.
It has been alleged, upon information and belief, that one of the tenants represented by the petitioners died on August 14, 2008 of complications from Legionnaires’ disease and that the other two tenants became ill with the disease and required hospital treatment. The petitioners wish to have the proposed examination and inspection of the Flannery Towers conducted by an expert in the area of legionella removal and prevention. Petitioners, through their counsel, have alleged that the purpose of their expert’s proposed examination and inspection is to avoid spoliation of evidence, to identify the source and cause of the legionella outbreak and to assist in making the subject premises safe and free of legionella.
The Elmira Housing Authority opposes the petitioners’ application on the grounds that the court lacks jurisdiction over the Housing Authority since no action or special proceeding has been properly commenced against the Housing Authority. Also, the Housing Authority argues that the petitioners have not articulated or identified in their supporting papers any claim of negligence, actionable wrong or other theory of liability against *675 the Housing Authority. Further, the Housing Authority contends that it has cooperated fully with the Chemung County Health Department and the New York State Department of Health in connection with the outbreak and it has hired an expert recommended by the New York State Department of Health to assist it in the matter.
Upon review and consideration of the papers submitted and the arguments of counsel, the court has determined that the petitioners’ application should be denied except to the extent of directing the preservation of certain physical evidence.
First, with respect to the Housing Authority’s objection that the court lacks jurisdiction over the Housing Authority in connection with the application, the court finds that the demonstrated purchase of an index number and personal service of the order to show cause herein together with the supporting affidavits and affirmation of counsel upon the executive director of the Housing Authority was sufficient to properly initiate this application for preaction disclosure and obtain jurisdiction over the Housing Authority for the limited purposes of the application. (See Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:6, at 497-499.) Further, the court notes that it has subject matter jurisdiction over the contemplated actions arising out of the underlying incidents. The court also notes that at least one of the petitioners, Ann Schwab, is making the application on her own behalf and not through any legal representative.
As to the merits of the petitioners’ application, in order for the petitioners to obtain preaction disclosure pursuant to CPLR 3102 (c), the petitioners must demonstrate that they have a meritorious and/or prima facie cause of action and the information they seek is material and necessary to the actionable wrong. (Matter of Henry [CSX Transp., Inc.], 43 AD3d 1445, 1446 [2007]; Matter of Byramain v Stevenson, 278 AD2d 619, 620 [2000]; Matter of Merck-Medco Managed Care v Value Health, 254 AD2d 519, 520 [1998].) Preaction disclosure cannot be used to determine whether a petitioner has a cause of action. (Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346, 347 [2000]; Matter of Byramain v Stevenson at 620.)
The papers submitted by the petitioners in support of their application do not identify any theory of liability against the Elmira Housing Authority or any of the other potential defendants that were served with copies of their application papers, nor do they point to any standard of care, policy, regula *676 tion or statute that is alleged to have been violated. The only-statement in the petitioners’ papers that addresses the issue of liability or the merits of the petitioners’ cause of action is the statement of petitioners’ counsel in her affirmation of August 21, 2008, that “the presence of legionella in the hot water system concentrated enough to result in the infection of at least nine people — nearly 5% of the population of the Edward Flannery Towers — is not the sort of condition that exists in the absence of negligence.” Petitioners’ counsel later admitted at oral argument that the petitioners’ theory of liability is based upon the doctrine of res ipsa loquitur.
A prima facie case of negligence under the evidentiary doctrine of res ipsa loquitur can be established by demonstrating each of the following three conditions: (1) the event is of a kind that ordinarily does not occur in the absence of someone’s negligence, (2) the event was caused by an agency or instrumentality within the exclusive control of the defendant and (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff. (Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997], citing Ebanks v New York City Tr. Auth., 70 NY2d 621, 623 [1987].) Typically, as to the first condition, the inference or conclusion that the event would not occur in the absence of negligence is based upon the past experience and knowledge common to the community. (Kambat v St. Francis Hosp. at 495.) This court is not persuaded, however, that such an inference can be drawn in this instance since it finds that a basis in common knowledge is lacking for any conclusion that the presence of legionella in the hot water system of a large apartment building is an event that ordinarily does not occur in the absence of someone’s negligence. Although New York law now permits evidence from experts to be offered to “bridge the gap” between common knowledge and the specialized knowledge and experience needed to reach the necessary conclusion where common knowledge is lacking (States v Lourdes Hosp., 100 NY2d 208, 212 [2003]), the petitioners herein have not offered any such expert evidence in support of their application. Further, the court finds that the petitioners’ counsel’s affirmations are insufficient on their own to demonstrate a prima facie cause of action under the doctrine of res ipsa loquitur or otherwise. (See Matter of Nicol v Town of Rotterdam, 134 AD2d 754 [1987]; Matter of Henry [CSX Transp., Inc.] at 1446; compare Matter of Ero v Graystone Materials, 252 AD2d 812 [1998].) The court also finds that the petitioners have failed to demonstrate *677 that preaction disclosure is necessary in this instance to identify potential defendants.
Lastly, the record contains evidence that the Elmira Housing Authority has plans to remove and/or replace the hot water system in the Edward Flannery Towers. To the extent that the petitioners’ application seeks to prevent spoliation of physical evidence through an order prohibiting the replacement or removal of the hot water system at the subject premises, such relief shall be granted to the limited extent that the Housing Authority shall be prohibited from removing or replacing the existing hot water system at the Edward Flannery Towers unless it gives written notice to petitioners’ counsel at least 20 days prior to commencement of such activity. (See Western Inv. LLC v Georgeson Shareholder Sec. Corp., 43 AD3d 333 [2007]; Matter of Spraggins v Current Cab Corp., 127 Misc 2d 774 [1985]; Matter of Davis, 178 Misc 2d 65 [1998].) Such prohibition shall not apply to or prevent maintenance of the system, but any existing components that may be replaced through such maintenance shall be preserved by the Housing Authority until further order of this court.
Accordingly, for the reasons set forth above, it is ordered that the petitioners’ application for preaction disclosure is granted only to the limited extent that the Elmira Housing Authority shall be prohibited from removing or replacing the existing hot water system at the Edward Flannery Towers unless it gives written notice to petitioners’ counsel at least 20 days prior to commencement of such activity. Such prohibition and its notice requirement shall not apply to or prevent maintenance of the system, but any existing components that may be replaced through such maintenance shall be preserved by the Housing Authority until further order of the court, and it is further ordered that the petitioners’ application for preaction disclosure is otherwise hereby denied in its entirety, without prejudice.