Alexander Del Giorno, J.
Petitioner, the widower of Luba Hofberg, who died January 8,1965, moves for an order directing the authorities at Bronx State Hospital to furnish to his attorneys, at his expense, an abstract or transcript of its records of every kind relating to the hospitalization of petitioner’s wife at that institution or, in the alternative, to permit the attorneys to examine and copy all of said records for the purpose of determining whether an action lies against the State.
The petitioner states that his wife was admitted to Bronx State Hospital in September, 1964, where she remained for about two weeks. During that period, she sustained an injury concerning which she could give him no information when he visited her at the hospital for the reason that she was incoherent. He observed that her right leg was swollen and that cold compresses had been placed on the leg. The hospital staff could give him no information as to what had happened. He states in his petition that at that time the Bronx State Hospital did not have facilities to X-ray her leg or to apply a cast to it.
On October 5, 1964, with his consent, the said Luba Hofberg was transferred to Jacobi Hospital in the Borough of The Bronx. While she was there, he learned that her right leg *148 had been broken before she was taken to Jacobi Hospital. At Jacobi Hospital a cast was applied. His wife died in Jacobi Hospital on January 8,1965, her death caused in part by pneumonia.
The State does not dispute the facts, but resists the granting of the motion on the strength of Torres v. State of New York (14 Misc 2d 246) decided September 5, 1958 by Judge Sidney Squire of this court. The State contends that section 20 and subdivision 9 of section 34 of the Mental Hygiene Law are not applicable where the hospital records relate to another person. That decision was made under the authority of the provisions of the Civil Practice Act. Since then, our State has taken a monumental step forward by the enactment of the Civil Practice Law and Rules which have replaced the former Civil Practice Act.
The State’s attention is called to CPLR 4504 and particularly to the historical notes which, step by step, point out the legislative and judicial evolution of this phase of the law that ultimately resulted in the formulation of CPLR 4504. This history clearly indicates the progressive and liberalizing thinking which is now synthesized in CPLR 4504. The spirit of the entire CPLR is one calling for full disclosure of facts and circumstances of matters required for the proper presentation of one’s case in a trial, so that a full and fair trial may be had without tricks, gimmicks or subterfuge, to the end that justice may be done with eyes open as well as complete understanding of the underlying factual elements.
Di Santo v. State of New York (41 Misc 2d 601, 22 A D 2d 289) is clear evidence that the State, having submitted itself to the jurisdiction of the courts like anyone else, is no more immune to the mandate of CPLR 4504 than is or would be any person or corporation in a like position.
CPLR 4504 states:
“ (c) Mental or physical condition of deceased patient. A physician or nurse shall be required to disclose any information as to the mental or physical condition of a deceased patient privileged under subdivision (a), except information which would tend to disgrace the memory of the decedent, either in the absence of an objection by a party to the litigation or when the privilege has been waived-.
“ 1. by the personal representative, or the surviving spouse, or the next of kin of the decedent; or ” (italics supplied).
That portion of the section leaves no doubt that a surviving spouse has the right of waiver and it requires no further discussion.
*149 The motion is granted. The Bronx State Hospital is ordered to furnish to the petitioner, at his expense, a transcript or abstract of its records of every kind relating to the hospitalization of the decedent, Luba Hofberg, which shall be furnished within 10 days after the service of a certified copy of an order to be entered herein.