Alexander Del Gíorno, J.
The proposed claimant, John Dorak, in the person of his attorney, has moved pursuant to CPLR 3102 (subd. [c]) for an order of disclosure prior to the commencement of an action and as an aid to the bringing of said action.
The moving papers request permission to take the depositions upon oral examination of all the psychologists, psychiatrists, doctors, dentists and attendants of three different State institutions within which, at one time or another during the past 29 years, the proposed claimant resided. In addition thereto, permission is sought to obtain and examine all the books, papers and records of said institutions which in any way pertain to the afore-mentioned John Dorak.
The affidavit of John Dorak accompanying the moving papers asserts that incidents of maltreatment and mistreatment occurred during the period of his confinement. However, except for two specified occurrences set forth in the affidavit of his attorney, these alleged incidents are neither described nor documented. Disclosure by means of CPLR 3102 (subd. [c]) may be ordered to aid in the framing of a claim for a known cause of action, but It may not be used by a potential claimant to determine whether he has a cause of action. (Blank v. Kay, N. Y. L. J., Oct. 2, 1963, p. 15, col. 1.) The moving papers here presented, insofar as they pertain to the happening of so-called incidents, do not fairly indicate the existence of any cause of action, and an examination may not be allowed to ascertain whether such facts exist. (New Rochelle Precision Grinding Corp. v. Marino, 9 A D 2d 685.) Accordingly, the motion is denied.