■ CHARLES J. NEWELL, Respondent, v ZAHI MAKHULI et al., Appellants.—Order unanimously reversed, without costs, defendants' motion granted and complaint dismissed. Memorandum: Plaintiff-respondent commenced this action by service of a summons only upon one defendant on November 14, 1974 and upon the other on November 19, 1974. Notices of appearance and demands for a complaint were served by defendants on November 25, 1974 and December 2, 1974. No. extension of time was granted. On April 5, 1975 defendants moved to dismiss the action pursuant to CPLR 3012 (subd [b]). Plaintiff, on May 21, 1975, cross-moved, requesting permission to take depositions of defendants pursuant to CPLR 3102 (subd [c]). Special Term denied defendants' motion to dismiss and granted plaintiff's motion to take depositions. Plaintiff's pleadings consisted only of his attorney's affidavit stating that the matter was referred to him in late 1974 by another attorney; that plaintiff in January, 1972 had undergone surgery, following which plaintiff experienced excessive body temperature and an impairment of back function. Plaintiff's attorney further stated that he had to obtain the prior medical history of plaintiff since his client had a 100% disability for injuries to his elbow, hip and back, which injuries he sustained while in the military service. The affidavit asserts that the surgery was not normal, but it gives no basis for this conclusion, and that he was preparing to move for an examination under CPLR 3102 (subd [c]) to secure additional information when he was served with defendants' motion papers. We stated in *Rabetoy v Atkinson* (49 AD2d 691), which involved a 13-month delay in the filing of a complaint, that: "Although it appears that plaintiff may have a meritorious claim, the only contentions made to support the long delay in serving the complaint were the complexity of the litigation, the difficulty in investigating and interviewing witnesses and the inherent difficulties of medical malpractice actions. These factors constitute law office failure and as such are insufficient to excuse the delay *(McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692 * * *; *Sortino v Fisher,* 20 AD2d 25 * * *)." The attorney's affidavit does not meet plaintiff's burden of proving (1) a justifiable excuse for the delay in submitting a complaint, or (2) evidentiary facts showing (prima facie) a meritorious cause of action. (See *McIntire Assoc. v Glens Falls Ins. Co., supra.)* The granting of plaintiff's motion for oral deposition of defendants was improper. It is well settled that, "In order to obtain an examination to frame a complaint, plaintiff should present facts fairly indicating a cause of action against the adverse party. * * * There is no such showing here." *(Matter of Schenley Ind. v Allen,* 25 AD2d 742.) (Appeal from order of Onondaga Supreme Court in medical malpractice action.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.