OPINION OF THE COURT
Morton B. Silberman, J.
This is an application by one Susan Striegel (hereinafter "petitioner”), pursuant to CPLR 3102 (subd [c]), for an order directing Dr. Vincent Tofano, D.D.S. (hereinafter "respon *114 dent”), to produce for discovery and inspection "the complete dental record pertaining to the treatment of [petitioner] from June 1974 until October 1976.” No action is pending at this time.
The supporting affidavit of petitioner’s attorney states that petitioner retained counsel in July, 1977 "to investigate injuries she sustained after undergoing dental treatment” by respondent over a period of years, and to "bring suit against the person or persons responsible in the event that our investigation should disclose evidence of malpractice”; that petitioner "complains that after receiving treatment from [respondent] for a period of over two (2) years she still experiences great pain in her mouth and jaw area”; that "after consulting with other dentists, [petitioner] was advised that she is suffering from periodontal disease which is in an advanced stage so as to require either extensive dental reconstructive work or in the alternative removal of her teeth”; and that counsel has been advised "by several periodontists that in order to render an opinion as to whether the diagnostic and dental care rendered to [petitioner] was properly administered it would be necessary to review the treatment and dental records including x-rays kept by [respondent] in connection with his diagnosis and treatment.”
Counsel states further that he made a written request to respondent for access to petitioner’s dental records and that, in response, he received a telephone call from a representative of the Public Service Mutual Insurance Company, respondent’s carrier, and was advised by such representative that inspection of respondent’s records would not be permitted.
In her supporting affidavit, petitioner states that she presented herself to respondent for treatment in June, 1974 with complaints of "pain in [her] mouth and sensitivity to hot and cold liquids”; that respondent treated her continually through the beginning of November, 1977; that she, "continually complained to [respondent] that [she] was experiencing pain in [her] mouth and jaw and that this treatment was having no effect upon the pain”; and that she has since consulted "other dentists” who have informed her that she is "suffering from periodontal disease * * * [which] has progressed to such an extent that either [she] must submit to extensive reconstruction dental work or in the alternative have all [her] teeth removed.”
Respondent’s attorney answers that he is aware of "no *115 provision in the law * * * which requires the doctor to turn over copies of his records at this time”; that petitioner’s attorneys "are able to draw a simple summons and complaint in malpractice without viewing the records”; and that, if petitioner is desirous of her records, then she should first be required to commence an action against respondent for malpractice.
In reply, petitioner’s attorney expresses dismay, a sentiment shared by the court, that "[i]n this day and age when members of the Bar are being criticized for bringing nonmeritorious actions in medical malpractice, counsel for [respondent] would deny [petitioner’s] attorneys the ability to verify the merits of [petitioner’s] complaint” prior to commencement of an action.
CPLR 3102 (subd [c]) provides that "Before an action is commenced, disclosure to aid in bringing an action * * * may be obtained, but only by court order.” It has often been held that the foregoing provisions authorize disclosure "to aid in the framing of a claim for a known cause of action, but * * * may not be used by a potential claimant to determine whether he has a cause of action” (Matter of Heller v State of New York; 57 Misc 2d 976, 977; cf. Matter of Hofberg, 50 Misc 2d 147; see, generally, 3A Weinstein-Korn-Miller, NY Civ Prac, pars 3102.11 — 3102.15).
Petitioner’s right to relief is, indeed, open to question in view of counsel’s candid admission that the very purpose for which the records are sought is to determine the merit or lack of merit of petitioner’s potential claim (see Matter of Roland [Deak], 10 AD2d 263, 264-265, and authorities there cited; see, also, Kullman v State of New York, 46 Misc 2d 873). Nevertheless, as one eminent authority has observed, "Recognizing that the plaintiff must walk a tightrope between defeat of his motion on the one hand for failure to show a cause of action, and defeat on th,e other hand for lack of necessity, if he demonstrates too clearly the factual basis for his claim, the courts should be flexible in the application of both requirements” (3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.15, pp 31-176 — 31-177). Upon balance of petitioner’s need for access against the minimal inconvenience to respondent which would be entailed, I conclude that petitioner has shown a sufficient factual basis for prelitigation discovery of her dental records (cf. Matter of Hofberg, 50 Misc 2d 147, supra). Stated another way, the supporting papers demonstrate "some proba *116 bility” that petitioner may have a good cause of action and that she is not "merely taking a stab in the dark” (3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.14, supra, p 31-174).
More importantly, although a doctor or dentist may well have the primary custodial rights to the treatment records of his patients, it does not follow that his rights are exclusive and that the patient has no rights with respect thereto. To the contrary, in my view, the patient has a "property” right sufficient to afford her the privilege of reasonable access to her medical and dental records. The existence of such right does not depend upon the provisions of CPLR 3102 (subd [c]) or upon whether or not litigation is even contemplated.
Accordingly, the application is granted.