■    In the Matter of ADAM SIMPSON et al., on Behalf of Various Shareholders of Realstock, N. V., Respondents. JEROME S. TRAUM, Appellant. —Order, Supreme Court, New York County, entered December 28, 1977, which granted petitioners' application pursuant to CPLR 3102 (subd [c]) for an order directing appellant to submit to a deposition to aid in framing a complaint, unanimously reversed, on the law, the motion for a deposition in advance of commencement of the action denied and the cross motion to dismiss the petition granted, with $40 costs and disbursements of this appeal to respondent-appellant. Petitioners-respondents Simpson and Habib are shareholders of Realstock, N. V., a corporation organized and existing under the laws of the Netherlands, Antilles. Petitioner-respondent Lussan is a French attorney who purports to act as attorney in fact on behalf of other shareholders of Realstock, pursuant to powers of attorney. Appellant, a New York attorney, has apparently acted for years as financial and business advisor to Realstock and various mutual funds. The application sought a deposition of appellant to aid in framing a complaint to be served in an action contemplated by certain shareholders of Realstock, who allegedly have lost substantial sums through breach of contract, mismanagement of the funds and fraud and deceit in the marketing and issuance of shares of Realstock. The supporting papers further allege violations of the applicable law of the Netherlands, Antilles, including (1) unlawful suspension of the shareholders' right to redemption of Realstock shares; (2) diminution in value of the Realstock shares, which allegedly are not saleable, by the failure of the corporation to declare and pay dividends; (3) waste of corporate assets resulting from excessive payments allegedly for administrative costs; and (4) failure of the corporation to hold a shareholders' meeting or to issue a financial statement for the preceding fiscal year. Petitioners suggest that a deposition of appellant, who allegedly is in possession and control of the books and records of the corporation, is necessary to determine the precise causes of action available to petitioners. Appellant, in opposition, contends that petitioners have sufficient knowledge to identify proper party defendants and to frame a complaint and further, that petitioner Lussan, as attorney in fact to represent unnamed shareholders, lacks requisite standing. Preaction disclosure under CPLR 3102 (subd [c]) is not available to determine if a cause of action in fact exists. A prima facie cause of action must be demonstrated (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3102, C3102:4, p 263). It is incumbent upon the petitioner upon such an application to present "facts fairly indicating a

cause of action against the adverse party" *(Matter of Schenley Inds. v Allen,* 25 AD2d 742, 743; see, also, *Newell v Makhuli,* 50 AD2d 1060; *Stewart v Socony Vacuum Oil Co.,* 3 AD2d 582, 583; *Matter of Heller v State of New York,* 57 Misc 2d 976). An examination to frame a complaint will not be permitted where what is sought is to ascertain or determine whether facts supporting a cause of action exist *(Matter of Heller v State of New York, supra),* nor where petitioner "possesses sufficient information to frame a complaint without the examination which is sought" *(New Rochelle Precision Grinding Corp. v Marino,* 9 AD2d 685). Nor is it permitted "to explore the feasibility of framing a complaint" *(Cotler v Retail Credit Co.,* 18 AD2d 898). Here, it is clear that petitioners have sufficient information to frame a complaint. The supporting affidavit of Egon D. Baiz (Baiz), who purports to be an expert in Netherlands, Antilles law, furnishes necessary legal support to buttress the claims of impropriety, fraud and corporate waste. The alleged wrongs are set forth in sufficient detail in the moving papers, including the affirmation of one of petitioners' attorneys and the supporting affidavits of Baiz and Claude Thiraux, a former director of Realstock, to show that petitioners are in a position to frame a complaint. Moreover, the examination sought here is much broader in scope than the limited deposition contemplated by the statute. What is sought is a full-blown deposition of the type appropriate after commencement of an action. On the face of petitioners' own showing, we find improper Special Term's direction that appellant appear and submit to a deposition to aid in framing a complaint pursuant to CPLR 3102 (subd [c]). Concur—Silverman, J. P., Evans, Fein, Lynch and Sullivan, JJ.