■ STATE OF NEW YORK, Respondent-Appellant, v MOSES BRAUNSTEIN et al., Appellants-Respondents.—In an action to recover for the payment of improper claims for Medicaid reimbursement, defendants appeal from (1) so much of an order of the Supreme Court, Kings County, dated March 17, 1978, as (a) ordered them to produce certain documents for examination, (b) ordered Moses Braunstein to appear for an examination before trial, and (c) permitted the plaintiff to serve a new complaint within 15 days after said oral examination and (2) so much of an order of the same court dated June 14, 1978, as, upon reargument, adhered to its original determination. (Plaintiff has, apparently, abandoned its cross appeal.) Appeal from order dated March 17, 1978 dismissed as academic, without costs or disbursements. That order was superseded by the order of June 14, 1978. Order dated June 14, 1978, reversed insofar as appealed from without costs or disbursements, and provisions requiring the defendants to produce certain documents for examination and requiring Moses Braunstein to appear for an examination before trial are deleted, with leave to plaintiff to make an application for similar relief, in accordance herewith. In November, 1977, the State of New York served a summons and complaint on appellants and others, charging them jointly and severally with making improper claims for Medicaid reimbursement on HE-2P forms filed by the Oxford Nursing Home during the period 1969 to 1973. Upon motion, Special Term dismissed plaintiff's complaint as against the appellants for failure to state a cause of action, with leave to serve a new complaint. Also, the court, *sua sponte* (1) ordered appellants to produce all records regarding the relationship between them and the Oxford Nursing Home and (2) ordered Moses Braunstein to appear for oral examination regarding the relationship between the appellants and the Oxford Nursing Home. We find that Special Term's order of discovery, pursuant to CPLR 3102 (subd [c]), constituted an abuse of discretion. It is well established that in order to obtain an examination to frame a complaint, plaintiff should present facts fairly indicating a cause of action against the adverse party *(Matter of Simpson [Traum]*, 63 AD2d 583; *L-Tron Corp. v Davco Systems,* 60 AD2d 25; *Newell v Makhuli,* 50 AD2d 1060; *Matter of Schenley Ind. v Allen,* 25 AD2d 742). Such an examination will not be allowed where what is sought is to ascertain whether facts supporting a cause of action exist *(Matter of Simpson [Traum], supra).* Accordingly, plaintiff can only obtain the discovery in question upon a showing that it has sufficient information to frame a complaint against the appellants. Martuscello, J. P., Latham, Cohalan and Hawkins, JJ., concur.