■ In the Matter of Banco de Concepcion, Appellant, v Manfra, Tordella & Brooke, Inc., et al., Respondents.—Order, Supreme Court, New York County, entered September 14, 1978, denying preaction disclosure and discovery, modified, on the law, on the facts, and in the exercise of discretion, to the extent of directing respondents to disclose within 20 days after service of a copy of this court's order with notice of entry thereof with regard to certain numbered accounts the names and addresses of their owner or owners, individual or corporate, and the names and addresses of whomever their records disclose to have an interest in the accounts, and otherwise affirmed, without costs. Banco de Concepcion (applicant), a banking corporation organized and existing under the laws of the Republic of Chile, moved by order to show cause pursuant to CPLR 3102 (subd [c]) for an order directing the officers of three banking institutions, the respondents, to appear for deposition and to produce documents which, *inter alia,* related to the identities of persons who maintain at their institutions numbered accounts into which were deposited checks issued by the applicant. As developed in an affidavit submitted by counsel, the essential facts of which are not effectively disputed, the applicant was the victim of an apparent swindle perpetrated by a man named Zamora. During December, 1976 and January, 1977, Zamora initiated a series of transactions by which he exchanged checks drawn on his personal accounts or accounts he controlled for bank checks drawn upon applicant's accounts in New York City. Zamora's checks were all returned over a period of time for insufficient funds. Eight of the petitioner's checks, made payable to three separate payees, were deposited in varying numbered accounts at the respondents' institutions. One check bears the notation that it was deposited for "credit to Travelsa." Of the three named payees, only one is known to be an existing person, and he denies that he indorsed the check or had any knowledge or involvement in the transactions. Applicant lacks knowledge of the true identity of the other two payees and also has no information concerning Travelsa or its employees or officers. The deposition of respondents' officers, and the accompanying demand for the production of bank records relating to the numbered accounts, are alleged by applicant to be in aid of bringing an action and necessary for that purpose. Respondents deny that Zamora, Travelsa or any of the named payees are known to them to have any relationship to the numbered accounts or to have any interest in any other account. The owners of the numbered accounts are said to be citizens of a

foreign country. The application was resisted on the grounds that (1) the applicant failed to establish the existence of a cause of action; (2) the requested relief would breach confidential relationships; and (3) the demand for documents to be produced at the deposition was in any event too broad. Although concluding that the applicant failed to demonstrate a good cause of action, Special Term nonetheless granted the application to the extent of requiring respondents to appear at an examination before trial for the limited purpose of enabling applicant to ascertain whether Zamora and the named payees are customers of their banks and whether any of those individuals, to the knowledge of the banks and its representatives, are associated with Travelsa. The moving papers fairly indicate that the applicant may have a good cause of action, and is not merely seeking to determine whether it has one. (See *Matter of Roland [Deak]*, 10 AD2d 263, 264-265; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.14.) It may well be that the owners of the accounts will prove to be wholly innocent, but the circumstance that varied checks representing a large part of the proceeds of a fraudulent scheme were deposited in numbered accounts adequately meets the requirements of CPLR 3102 (subd [c]) that there be an existing cause of action. Under these circumstances, the claim of confidentiality is unavailing. (Cf. *Banco Frances e Brasiliero S. A. v Doe*, 36 NY2d 592; *Matter of Roland [Deak], supra;* 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.12.) Accordingly, applicant is entitled to learn from respondents the names and addresses of the owners of the numbered accounts and of those disclosed by the bank records to have an interest in them. This additional disclosure may be made at the deposition previously directed at Special Term or may take any other appropriate form. In other respects the disclosure sought went well beyond the appropriate purposes served by preaction disclosure and to that extent Special Term quite correctly denied the requested relief. Concur —Sandler, Bloom and Ross, JJ.

Kupferman, J. P., and Lupiano, J., dissent in a memorandum by Lupiano, J., as follows: Petitioner, a bank located in Chile, delivered to one Ferdinand Zamora approximately 10 of its own cashier checks in exchange for the latter's personal check in the same amount. Zamora's check "bounced." Meanwhile, Zamora apparently sold the petitioner's checks to third parties, which checks were deposited in certain numbered accounts maintained by customers at respondent banks. Zamora, now in prison, having confessed, has implicated no other individual in his scheme. The checks themselves appear regular on their face. The instant appeal arises from so much of an order of Special Term as denied preaction disclosure sought by petitioner from the respondent banks. The majority have determined to modify Special Term's determination by permitting such disclosure relevant to the numbered accounts. I do not agree and would affirm the order insofar as appealed from herein. Petitioner, Banco de Concepcion, has wholly failed to show any cause of action against the owners of certain numbered accounts in the respondent banks and to allow petitioner to obtain preaction disclosure pursuant to CPLR 3102 (subd [c]) from such banks respecting the ownership and records of those accounts is improper. In *Matter of Simpson (Traum)* (63 AD2d 583-584, we noted: "Preaction disclosure under CPLR 3102 (subd [c]) is not available to determine if a cause of action in fact exists. A prima facie cause of action must be demonstrated (Siegel, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR 3102, C3102:4, p 263). It is incumbent upon the petitioner upon such an application to present 'facts fairly indicating a cause of action against the adverse party' (*Matter of Schenley Inds. v Allen*, 25 AD2d 742, 743; see, also, *Newell*

*v Makhuli*, 50 AD2d 1060; *Stewart v Socony Vacuum Oil Co.*, 3 AD2d 582, 583; *Matter of Heller v State of New York*, 57 Misc 2d 976). An examination to frame a complaint will not be permitted where what is sought is to ascertain or determine whether facts supporting a cause of action exist *(Matter of Heller v State of New York, supra)*, nor where petitioner 'possesses sufficient information to frame a complaint without the examination which is sought' *(New Rochelle Precision Grinding Corp. v Marino*, 9 AD2d 685). Nor is it permitted 'to explore the feasibility of framing a complaint' *(Colter v Retail Credit Co.*, 18 AD2d 898)." Thus, a prima facie cause of action must be shown and a preaction examination to determine whether facts supporting a cause of action exist will not be permitted (cf. *Banco Frances e Brasileiro S. A. v Doe*, 36 NY2d 592, 595-597). Petitioner argues on appeal that it desires to commence a lawsuit against the owners of these numbered accounts who were the ultimate recipients of the checks and that the extent of their possible involvement in the fraud perpetrated by Zamora is unknown and can only be obtained through disclosure. In the absence of demonstrating the existence of a cause of action against the owners of the numbered accounts, petitioner indulges in conjecture as to their possible involvement in fraud and has not, insofar as indicated by this record, attempted to follow a course such as was evinced by plaintiff in *Banco Frances e Braisleiro S. A. v Doe (supra)*. Parenthetically, the examination sought herein is much broader in scope than the limited deposition contemplated by the statute and is more analogous to a full-blown deposition of the type appropriate after commencement of an action.