OPINION OF THE COURT
Stanley L. Sklar, J.
The issue presented is whether a patient may secure a videotape of an operation performed upon him, for the purpose of review by a medical expert to determine whether he *1013 has a meritorious medical malpractice claim. I hold that the patient does not have a right to access to the videotape for that purpose.
FACTS
Terrance Hill was operated on in November 1983. The operation was performed by Dr. Springer, one of a small number of physicians who perform that type of operation. Since the operation was not of a garden variety nature, he had it videotaped for use in connection with his teaching of other physicians.
Hill has consulted counsel, who want to obtain a copy of the videotape for a review by a medical expert to determine whether Hill has a medical malpractice claim.
DISCUSSION
Hill claims to be entitled to the videotape on two grounds: (1) as prelitigation discovery pursuant to CPLR 3102 (c), and (2) as a medical record.
PRELITIGATION DISCOVERY
CPLR 3102 (c) authorizes prelitigation disclosure in aid of bringing an action. However, the rule is well settled that the statute only authorizes disclosure "to aid in the framing of a claim for a known cause of action, but * * * may not be used by a potential claimant to determine whether he has a cause of action.” (Matter of Heller v State of New York, 57 Misc 2d 976, 977; Matter of Hofberg, 50 Misc 2d 147.) Mr. Hill’s assertion that the decision in Matter of Striegel v Tofano (92 Misc 2d 113) states a different rule with respect to medical malpractice claims is incorrect. The Striegel court, rather, held that the patient in that case had made a sufficient showing for prelitigation discovery of her medical records. In other words, "[s]tated another way, the supporting papers demonstrate[d]” a probability of a good cause of action and not that the patient was merely taking a stab in the dark. (Matter of Striegel v Tofano, 92 Misc 2d, at p 115.) The papers on this application are totally different. They make no showing whatever of the existence of any cause of action or even of any injury allegedly suffered. Not only is Striegel distinguishable, but it has been held at the appellate level that the usual rule of requiring some showing, however minimal, of the existence of a cause of action applies in a medical malpractice case. *1014 Accordingly, the application for prelitigation discovery is denied. (Newell v Makhuli, 50 AD2d 1060.)
MEDICAL RECORDS
Mr. Hill asserts, in conclusory fashion, that the videotape constitutes a "medical record”, and that he is entitled to examine his own medical record. He errs. The videotape is not a medical record that is required to be released to him.
His reliance on Public Health Law § 17 is misplaced. That statute states that, upon written request, a "physician or hospital must release and deliver, exclusive of personal notes of the said physician or hospital, copies of all X-rays, medical records * * * regarding that patient to any other designated physician or hospital”. The statute clearly requires a turnover only to another doctor or hospital.
Mr. Hill also relies on 8 NYCRR 29.2 (a) (6) (Rules of the Board of Regents). That rule, clearly expanding on the statute, declares that it shall be unprofessional conduct to fail to make available to a patient, upon written request, "copies of the record required by paragraph (3) of this subdivision”. Paragraph (3) requires the maintenance of "a record for each patient which accurately reflects the evaluation and treatment of the patient.” (22 NYCRR 29.2 [a] [3].)
The videotape of the operation falls outside the ambit of Public Health Law § 17 and the regulation. It was not required to be made by the hospital and it was not stored at the hospital. It was not required to be made by Dr. Springer. The videotape was not made in any respect for the care or treatment of Mr. Hill, but solely as a personal record for Dr. Springer’s use in his teaching of physicians. Accordingly, the videotape is not a medical record and Dr. Springer does not have to make it available to Mr. Hill pursuant to the statute or the rule.
This decision is of course limited to the requested disclosure of the videotape at this time, before the commencement of any action, and is without prejudice to any application for discovery of the videotape in the event a malpractice action is ultimately instituted. (See, Pizzo v Bunora, 89 AD2d 1013.)
The petition is dismissed.