OPINION OF THE COURT
Joseph S. Levine, J.
The petitioner makes an application for an order pursuant to CPLR 3102 (c) directing the supervisors of medical records at Mount Sinai Hospital and the New York Hospital to appear for a deposition upon oral questions prior to the commencement of suit. The application was made by order to show cause upon proof of service to the two hospitals, neither of which appeared in opposition to the request.
Despite the hospitals’ default, an obstacle exists to the granting of the petitioner’s application. The papers submitted in support of the motion do not include an affidavit of merits. A review of the case law on the issue reveals a requirement *260 for such an affidavit. For the reasons stated below, this court believes such a showing is not required in this case.
It is clear from the affirmation submitted by the petitioner’s attorney that a medical malpractice action is contemplated in the near future. The defendants in such an action remain to be seen and the deposition that is the subject of this motion is intended to determine the identity of the putative defendants.
The statute governing preaction disclosure is CPLR 3102 (c) and it has no requirement of an affidavit of merits. A court order is required and the case law has interpreted that fact as a requirement of some showing of good cause to support the requested relief. When the reason for the preaction disclosure is to identify a possible defendant, an actual affidavit of merits has been ruled necessary. (L-Tron Corp. v Davco Sys., 60 AD2d 25; Stewart v Socony Vacuum Oil Co., 3 AD2d 582; Matter of Dack [Beni Broadcasting], 101 Misc 2d 490; see also, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3102.14.)
The reason for the present application was the refusal of the hospitals to deliver to the petitioner’s attorney copies of the petitioner’s medical records after being served with proper authorizations. It hardly needs to be stated that the ability to investigate and ascertain the merits of a malpractice claim rest almost exclusively on the review of the pertinent files by a qualified expert. Therefore, an affidavit of merits from a doctor is impossible without prior review of the records. If those records cannot be obtained without a court order supported by an affidavit of merits, then a classic Catch 22 arises.
In a medical malpractice case, logic dictates that when preaction disclosure of the petitioner’s own medical records is sought, even to identify possible defendants, there is no need for an affidavit of merits. After all, Public Health Law § 18 (2) (a) states: "Subject to the provisions of subdivision three of this section, upon the written request of any subject, a health care provider shall provide an opportunity, within ten days, for such subject to inspect any patient information concerning or relating to the examination or treatment of such subject in the possession of such health care provider.”
While the court has found case law to the contrary, it is clear that these authorities do not address the unique needs of the medical malpractice field. (See, Matter of Perez v New York City Health & Hosps. Corp., 84 AD2d 789; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:4, at 263.) To require an affidavit of the peti *261 tioner is an exercise in futility since all one could reasonably expect is a layperson’s recitation of treatment received followed by an unwanted result. This court will not require such a showing, particularly where the petitioner has the right to review her own medical records.
The application is granted. The relevant representatives of Mount Sinai Hospital and the New York Hospital shall appear for deposition upon oral questions with the pertinent records within 20 days of service of a copy of this order with notice of entry.