OPINION OF THE COURT
Peter C. Patsalos, J.
The present application seeks depositions in order to obtain "information and documentation necessary to commence an action”. Nevertheless, preaction disclosure under CPLR 3102 is very limited, and depositions to frame a complaint will not be permitted where a petitioner possesses sufficient information to frame a complaint without the examinations sought (see, Matter of Simpson [Traum], 63 AD2d 583; New Rochelle Precision Grinding Corp. v Marino, 9 AD2d 685). Upon a review of the voluminous documents annexed to the motion papers and taking into account petitioner was present for *323 many of the events she complains of, it is abundantly clear to the court that the petitioner has sufficient information to frame a complaint without recourse to the depositions she seeks. Hence, the application for preaction depositions is denied.
Under the Education Law, members of a Board of Education are charged with the duty, among others, of conducting business for the benefit of the community they represent in an open and forthright manner. Personalities and vendettas of individual board members against one another must be set aside; otherwise, there is a violation of oaths of office as members of the Board of Education. Philosophies of the members of the Board of Education can be addressed every year at the polling places wherein a portion of the membership of the Board of Education must be elected by the community-at-large.
The court laments the fact that cooler heads did not prevail on both sides causing this dispute to escalate, requesting court action and the hiring of outside counsel to represent in-house attorneys as well as the school district. The court further laments the legal cost the Middletown School District must bear in this frivolous matter.
Turning then to the cross motion, part 130 of the Uniform Rules for Trial Courts (22 NYCRR 130.1 [a]) now permits a court, in its discretion, in civil actions and proceedings, to award costs and/or sanctions for "frivolous conduct” in litigation. Whatever merit there be to petitioner’s underlying claims — and on these the court passes no judgment — the fact is that her preaction motion is without merit. Not only does petitioner have sufficient information to frame a complaint, but she has refused requests to withdraw her motion even though (1) the court encouraged her to do so at a conference on May 25, 1989; (2) her alleged grievances were discussed at a board meeting held on June 15, 1989, and information was provided in response thereto; and (3) her grounds for bringing the preaction motion (alleged "secret dinner meeting”) have all but been abandoned in her subsequent papers to the court. In light of the foregoing, the court believes it appropriate to award the Board of Education, as against petitioner and her attorney, costs in the amount of $5,000 for actual expenses and attorney’s fees incurred in defending against this frivolous motion. If the court declines to award greater costs, it is because the board has failed to minimize its costs by utilizing in-house counsel as it could have once the court dismissed at *324 the May 25, 1989 conference any proceedings brought personally against them.
Accordingly, the instant application is denied and the cross motion granted to the extent indicated. Said costs shall be paid no later than 60 days after service upon petitioner and her attorney of a copy of this order with notice of entry.
Since no action has formally been begun, this decision and order disposes of the matter, for all purposes, from the undersigned’s calendar.