■ In the Matter of TINA BLISS, Respondent-Appellant, v HERBERT JAFFIN, Appellant-Respondent, and MOUNT SINAI HOSPITAL et al., Respondents.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered December 21, 1990, which granted petitioner-respondent's motion to reargue and, upon reargument, granted her application for pre-action disclosure pursuant to CPLR 3102 (c), to the extent of directing respondent Dr. Herbert Jaffin to appear for deposition, is unanimously reversed, on the law, the facts, and in the exercise of discretion, the motion is denied, and the statute of limitations toll is *sua sponte* extended for a period of 60 days from the entry of this order, without costs; and appeal from

reargued order of said court, entered October 17, 1990, is dismissed as superseded, without costs.

These consolidated appeals arise from a special proceeding brought by petitioner, Tina Bliss, to obtain pre-action disclosure, pursuant to CPLR 3102 (c), in the nature of depositions to be taken from respondent physicians Herbert Jaffin, Saul R. Stromer and Barbara A. Cavallaro. Originally denied all relief except the right to obtain her own medical records, which respondent Mount Sinai Hospital has consented to provide, petitioner filed a notice of appeal from the order, entered October 17, 1990. Thereafter, petitioner was granted reargument and obtained relief to the extent that respondent Dr. Herbert Jaffin was directed to appear for deposition. Dr. Jaffin, appeals from this latter order, entered December 21, 1990, and petitioner appeals from the original order of October 17, 1990.

The circumstances pursuant to which petitioner seeks relief under CPLR 3012 (c) stem from the November 11, 1988 Cesarean delivery of her daughter, Cynthia Bliss, at respondent Mount Sinai Hospital. It is alleged that complications during labor, caused by the care rendered by respondent Cavallaro, necessitated emergency procedures to deliver the infant. Petitioner urges that pre-action discovery is needed because she is contemplating the commencement of a medical malpractice action in her own right and on behalf of Cynthia, who it is alleged has developed serious and permanent breathing difficulties. The medical records of Cynthia Bliss have been provided to petitioner by Mount Sinai Hospital, but the hospital has been unable to locate petitioner's records, and she contends that it is therefore necessary to obtain the testimony of the respondents in order to ascertain the identities of other potential defendants. (See, Matter of Taylor, 143 Misc 2d 259.)

In granting petitioner's motion for reargument and partial relief, the IAS part noted that two months had elapsed since the initial application was made, and respondent Mount Sinai Hospital had still not located petitioner's medical records. The IAS part concluded that these circumstances warranted reargument and the partial relief granted. We disagree.

As a threshold issue, we note that petitioner's appeal is procedurally defective. The order on reargument superseded the October 17, 1990 order from which petitioner appealed, and she did not file a notice of cross-appeal from the December 21, 1990 order. (See, Dennis v Stout, 24 AD2d 461; Hyman v Hillelson, 79 AD2d 725, affd 55 NY2d 624.) We further note that reargument was, in any event, not appropriate in this

case, since petitioner failed to establish that "the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law." *(Foley v Roche,* 68 AD2d 558, 567.) Rather, petitioner reasserted her claim of entitlement to pre-action discovery on the ground that respondent Mount Sinai Hospital had not yet located her medical records. This did not provide a proper basis for reargument.

Our examination of this record leads us to conclude, in any event, that petitioner's claim should be rejected on its merits. The law is well-settled that pre-action disclosure pursuant to CPLR 3102 (c) "is available only where there is a demonstration that the party bringing such a petition has a meritorious cause of action and that the information being sought is material and necessary to the actionable wrong." *(Liberty Imports v Bourguet,* 146 AD2d 535, 536; *Matter of Gleich v Kissinger,* 111 AD2d 130.) Petitioner has not shown a sufficient factual basis for this relief with respect to a claim in her own right. The necessity of delivering her child by Cesarean section, and the pain and bleeding suffered by petitioner in connection with the child birth, do not, without more, constitute an actionable physical injury. *(See, Farago v Shulman,* 104 AD2d 965, 966, *affd* 65 NY2d 763.)

With respect to an action on behalf of Cynthia Bliss, the infant's medical records, which petitioner has been provided, should yield sufficient information with respect to the injuries which it is alleged she suffered through the medical malpractice of respondents. This information is also an aid in the assessment of derivative claims on the part of Cynthia's parents.

In making this determination, we are cognizant that the identities of the physicians who delivered Cynthia Bliss are known to petitioner, and that petitioner's brief articulates a proposed theory of liability which reveals substantial knowledge of the events on which claims are contemplated. As such, she is not entitled to the relief of pre-action disclosure. *(See, Matter of Simpson [Traum],* 63 AD2d 583, 584.)

With respect to petitioner's claim that pre-action discovery is necessary to enable her to file a certificate of merit pursuant to CPLR 3012-a, we note that where, as here, relevant medical records have not been produced, a plaintiff is not required to serve such a certificate until 90 days after the records are provided. (CPLR 3012-a [d].) In addition, prior orders of this Court have tolled the statute of limitations as to each of the respondents, and said toll is hereby extended for a

period of 60 days from the entry of the within order. Concur— Sullivan, J. P., Milonas, Ross and Kassal, JJ.