■ In the Matter of DONALD R. LEO, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CRANE & EQUIPMENT CORP. et al., Appellants. [880 NYS2d 474]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 18, 2008, which, in a proceeding for preaction disclosure (CPLR 3102 [c]) arising out of a crane collapse, insofar as appealed from as limited by the briefs, in the eighth ordering paragraph, directed respondents-appellants, the corporate owner of the crane and its principal, to provide petitioner, administrator of the estate of a crane operator killed in the accident, and respondent City of New York, the present custodian of the crane, with copies of certain materials, unanimously reversed, on the law, without costs, and the eighth ordering paragraph vacated. Appeal from order, same court and Justice, entered November 26, 2008, which, insofar as appealable, denied respondents' motion to renew, unanimously dismissed, without costs, as academic.

Under ordering paragraph 6 (m), appellants are required to provide petitioner and respondent City with a "list of documents and material" seized from appellants by any government agency; under the challenged ordering paragraph 8, appellants are required, within 10 business days after the return of any such seized material, to provide petitioner and the City with a "copy of that material." Appellants assert that paragraph 8 would require them to "copy" such items as ziplock bags, computer hard drives, address books, and the personnel and payroll folders of all of their employees, and persuasively argue that any and all seized material cannot be deemed necessary to the framing of a complaint or identification of potential defendants simply by virtue of having been seized. Petitioner, whose application identifies the crane's owners, the site owner, the City of New York as the present custodian of the crane, and the time, place and other particulars of the accident, plainly does

not need preaction disclosure to frame a complaint against respondents and the City, and may not use preaction disclosure to explore alternative, unspecified theories of liability that may also exist (*see Western Inv. LLC v Georgeson Shareholder Sec. Corp.*, 43 AD3d 333 [2007]; *Matter of Uddin v New York City Tr. Auth.*, 27 AD3d 265 [2006]; *Matter of Bliss v Jaffin*, 176 AD2d 106, 108 [1991]). Concur—Tom, J.P., Friedman, Buckley and Abdus-Salaam, JJ.